## BUSBY *v.* NOLAND ET AL.

PRACTICE.—*Motion to Strike Out.—Bill of Exceptions.*—When the court sustains a motion to strike out a paragraph, the paragraph is no longer part of the record, unless made so by bill of exceptions.

TAXES.—*Payment After Suit.*—The payment of taxes, after the commencement of an action to replevy personal property seized by the treasurer for such taxes, cannot be given in evidence to sustain the action.

SAME.—*Estoppel.*—Such payment of taxes, without protest, after the bringing of the action of replevin, estops the plaintiff from denying that the taxes are legal.

APPEAL from the Madison Common Pleas.

BUSKIRK, C. J.—This was an action brought by the appellant against the appellees, to recover the possession of a

---

Busby *v.* Noland *et al.*

horse alleged to have been unlawfully detained by the appellees from the appellant.

The substance of the answer was, that Noland was treasurer and Shawhan deputy treasurer of Madison county; that Busby was a citizen and tax-payer of said county; that he was assessed with certain real and personal property; that the taxes levied upon said property for various purposes amounted to a certain sum ; that the appellant failed to pay his taxes and was returned delinquent; that the auditor issued to the treasurer a precept for the collection of delinquent taxes; that Shawhan, as deputy treasurer, called upon the appellant for the payment of such taxes, which he refused to do; that thereupon he seized and levied upon the horse in controversy, to pay and discharge such delinquent taxes, with the interest and damages which had accrued thereon.

To this answer the appellant demurred. The court sustained the demurrer. The appellees appealed to this court,

reference to the resolutions of February 7th, 1870. The first of those resolutions contains an express statement, that the money is to be paid for the benefit of the plaintiffs, and that the plaintiffs shall execute releases to the company; and one of the provisos is, that if the releases shall not be executed, the money shall be returned by the city to the company. It is therefore not the case which it would be if there were an unqualified, unconditional covenant by the city to save the company harmless, on condition of a sum of money paid to the city.

It is substantially, as between plaintiffs and defendants, the case of money paid on a claim, by defendant to plaintiff, after suit brought. Such a payment may be pleaded in bar; when so pleaded, the costs, up to the time of the plea, are recovered by the plaintiffs; the payment admits a cause of action for the amount paid. If, after such a payment, the parties go to trial on the general issue alone, the payment may be proved by plaintiff, as an admission; and then if plaintiff recovers judgment, he also recovers costs. But if the plaintiff, after taking the money, discontinues his suit, or, which is the same thing under our code of practice, dismisses his suit, then he is entitled to his costs to the time of paying the money. Such has been the invariable practice in this circuit. It is the same as where money is paid into court on a claim; there the plaintiff had always the right to take the money in satisfaction of his claim, discontinue his action, and have the costs, to the time of payment, taxed against the defendant. 1 T. R. 629; 4 T. R. 10; 8 T. R. 408, 486; 9 East, 325. If the plaintiff did not choose to discontinue his action, he might get his costs taxed, and if defendant refused to pay them, the plaintiff might proceed to trial and take a verdict for

and assigned for error the sustaining of the demurrer to the answer. This court held the answer to be good, reversed the judgment, and remanded the cause, with instructions to the court below to overrule the demurrer to the answer, and for further proceedings. The case is reported in 28 Ind. 154, to which opinion we refer for a fuller statement of the case and the reasoning of the court.

When the cause was remanded, the court below overruled the demurrer to the answer and entered a rule against the appellant for a reply.

The appellant replied in five paragraphs. The appellees moved the court to strike out the second, third, fourth, and fifth paragraphs of the reply. The court sustained the motion as to the third and fourth paragraphs, and overruled it as to the second and fifth. The appellees then demurred to the second and fifth paragraphs. The court sustained it as

---

nominal damages and costs. 2 Strange, 1220; 1 Camp. 558, note. There is certainly no substantial difference between money paid into court and accepted in satisfaction, and money paid out of court and releases given in satisfaction.

I have thus far considered the question as it appears upon the papers; and I think it very clear that the plaintiffs, on dismissing their suit, will be entitled to recover costs up to the time of the payment, except such costs as have been heretofore adjudged in favor of defendants, if there are any such. It remains to consider whether the parol testimony heard on the motion to tax makes any difference. Mr. McKiernan testified that nothing was said by defendants' board of directors about costs; that they considered they were paying ten thousand dollars for a settlement, and had nothing to do with its distribution, and that the president told him the company would pay no costs; but this witness did not know that any notice to that effect had been given to any of the plaintiffs before the payment. It was also proved that the attorney of the city, after the payment of the money, had told Weinman that the company would pay no costs; and had said to Wagner, that if the plaintiffs would make no charge for their own fees as witnesses, the costs would not be much. It was also proved, that the attorney of the city and another attorney had told the plaintiffs that there was nothing in the instruments executed which made them liable for costs. There is nothing in this evidence which changes the legal effect of the transactions. I am, therefore, bound to decide, that the plaintiffs have a right to dismiss their suits, at the costs of the defendants up to the time of the payments; the defendants have a right to recover all costs heretofore adjudged in their favor, and all costs made since the payments.

(Signed)                                          GEORGE A. BICKNELL.

to the fifth, and overruled it as to the second, and the appellant excepted to the ruling of the court in sustaining it as to the fifth paragraph.

The cause was tried by a jury; there was a verdict for the defendants. The court overruled the plaintiff's motion for a new trial, and rendered judgment on the verdict.

The appellant has made twenty separate and distinct assignments of error. The first is based upon the action of the court in striking out the third and fourth paragraphs of the reply. This assignment of error presents no question for our decision, because the motion and the ruling of the court thereon are not made a part of the record by a bill of exceptions. When the court sustained the motion and struck out said paragraphs of the answer, they ceased to be a part of the record, and could only be made such by a bill of exceptions. This has been so often ruled by this court, that we would not feel justified in citing authorities. The second assignment of error presents for our decision the correctness of the ruling of the court in sustaining the demurrer to the fifth paragraph of the reply. The fifth assignment is based upon the refusal of the court to grant a new trial.

All the other assignments are the reproduction of the reasons for a new trial, and simply encumber the record, as the fifth assignment presents for review here all the reasons that were assigned for a new trial.

Did the court err in sustaining the demurrer to the fifth paragraph of the reply? It reads as follows: "And for further reply, the plaintiff says that since the commencement of this suit, to wit, on the 22d day of January, 1868, he paid off and fully satisfied the taxes, penalty, and interest on the duplicate mentioned in the defendants' answer; wherefore, he demands judgment for costs."

The matters set up in the above paragraph were pleaded in bar of the entire action. We do not think the payment of the taxes, after the commencement of the action, was a bar. The real and substantial question involved in the case

was, whether the plaintiff was the owner of, and entitled to, the immediate possession of the horse in controversy, at the time when he commenced the action, and if he was not, he could not maintain his action.    It was decided by this court, when this case was here before, that the matters set up in the answer were a complete defence to the action, and we think such ruling was correct.    This court held, in *Carr* v. *Ellis*, 37 Ind. 465, that a plaintiff could not recover, in an action of replevin, upon a title which he had acquired subsequent to the commencement of the action.    In the case under consideration, the plaintiff alleged in his complaint, which was verified by his affidavit, that he was the owner and entitled to the immediate possession of the horse in controversy.    To entitle him to recover, he must have been entitled to the possession of the horse at the time when he commenced his action, and a subsequently-acquired title would not aid or help out a defective title.    The right to maintain the action depends upon the question, whether the plaintiff is entitled to the immediate possession of the property claimed.    If he is not, this action will not lie.    2 Wait Practice, 185.    The court committed no error in sustaining the demurrer to the fifth paragraph of the reply.

The next assignment of error involves the correctness of the action of the court in overruling the motion for a new trial.

The appellant assigned, as reasons for a new trial, the exclusion of competent evidence, the giving of improper, and the refusal to give proper, instructions.    All of these questions involve an inquiry into whether the taxes assessed and placed upon the tax duplicate were legal.    The appellant, by paying his taxes since the commencement of this action, and without protest, has estopped himself from asserting that they were not legal.    By paying the taxes under the circumstances which surrounded him, he admitted that they were legal, and we will not spend our time in determining whether he acted wisely or unwisely in paying all of the taxes charged against him upon the duplicate.

Busby *v.* Noland *et al.*

It is next claimed that the verdict was not supported by the evidence. We think otherwise. When this case was here before, this court held, that "the duplicate is the treasurer's authority, as the writ is to the sheriff, and, if legal on its face, must be his justification, and is sufficient authority to enable him to hold property seized upon it in the collection of the taxes." We think the verdict was fully sustained by the evidence.

The appellant moved the court to tax against the appellees all the costs which had accrued subsequent to the time when the plaintiff paid the taxes. The court ordered that the costs which accrued subsequent to the payment of the taxes should be paid by the party which had created them. To this ruling the appellant excepted, and has assigned such ruling for error. We think the appellant should be very well satisfied with the ruling of the court below upon the question of costs; for the decision of the court was more favorable than he was entitled to; but there being no cross assignment of errors, we cannot disturb the finding below.

The appellees levied upon the horse of the plaintiff to satisfy certain delinquent taxes. Thereupon the plaintiff commenced this action and repossessed himself of his property. Subsequently he paid all the taxes charged against him, with the interest, costs, and damages thereon. This payment settled the legal status of the parties, and should have terminated the lawsuit. The plaintiff had paid all the demands against him; he had regained the possession of his horse, and his liability for the costs which had been created up to the time of payment was fixed and certain. There was nothing left to litigate about. The plaintiff should have dismissed his action; and having failed to do so, he should have paid all the costs that were created by the unnecessary continuance of the suit. The only judgment rendered on the verdict was for costs, which was subsequently modified.

The judgment is affirmed, with costs.

*H. Craven,* for appellant.