## THOMAS KERR

### v.

## MICHAEL BUTZ ET AL., HIGHWAY COMMISSIONERS, ETC.

*Municipal Corporations—Collection of Tax for Special Project—Failure of—Recovery Back.*

Where a tax has been collected for some special purpose, and for some reason the purpose has failed, and the money can not be paid out on any other account, then the officer to whom the tax has been paid becomes the bailee of the party paying the tax and should pay it back on demand.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. H. K. WHEELER, for appellant.

Mr. DANIEL H. PADDOCK, for appellee.

LACEY, J.    This is a suit brought by appellee against the appellants to recover back $4.12 real and personal taxes for the year 1885, which he paid to the town collector.    The tax in question was levied and collected under the following circumstances:. In the year 1885, the highway commissioners of the town of Kankakee levied a road and bridge tax on all the property of the town of Kankakee, forty per cent of the amount being levied to build a bridge within the corporate limits of

the city of Kankakee. After the tax in question was collected and in the hands of the highway commissioners, Pleasant Durham, a citizen of the city of Kankakee, brought a bill in equity in the Circuit Court to enjoin the building of the proposed bridge within the corporate limits of the city of Kankakee by the commissioners of the town of Kankakee, averring that a sufficient sum of money had not yet been raised to pay for the building of the bridge and therefore the commissioners had no right to build it, and that by virtue of the charter of Kankakee the highway commissioners of the town of Kankakee were prohibited from levying or collecting any road tax within the limits of the city. Upon hearing on demurrer a perpetual injunction was granted restraining the said highway commissioners from constructing a bridge as shown by the plans and specifications set forth in the bill.

Subsequently the appellee, on behalf of himself and other taxpayers and residents of the city of Kankakee, commenced an injunction suit against the highway commissioners of the town of Kankakee and the county clerk, to restrain the collection of a tax of sixty cents on the one hundred dollars levied by the town authorities for road purposes, and extending to persons and property within the corporate limits of the city of Kankakee in said town, and upon hearing a perpetual injunction as prayed for was likewise granted. This injunction suit was taken by the highway commissioners by writ of error to the Supreme Court and there affirmed on the grounds that the charter of the city of Kankakee, which is a special one, prohibited any road tax to be levied within the corporate limits of the city. Butz v. Kerr, 123 Ill. 659. Kerr, the appellee here, then served notice on the highway commissioners demanding the return of the tax so paid by him to the town collector, claiming that it was paid under compulsion and duress of goods, and that the project had failed. The amount collected for the building of the bridge by the highway commissioners was $3,091.66, being forty per cent of the total levy for road and bridge purposes so far as it was collected. This was totally inadequate for the purpose of building the projected bridge, the estimated cost being $20,000.

The city of Kankakee was wholly within the town of Kankakee, there being about a two-mile strip between the city limits and the town limits surrounding the city. The board of auditors of the town of Kankakee prior to the demand and the bringing this suit refused to allow another tax for the bridge to be levied and assessed.

It is stipulated that the tax sought to be collected, was collected within the city limits upon assessment on personal and real property of appellee; that it was paid over to the treasurer of the highway commissioners and that the bridge has not been built or any work done.

The appellee in his argument here, claims the right of recovery, not because there was compulsion or duress of goods to compel payment, but on the ground that the project to build the bridge has totally failed and has been abandoned; and he insists that the money collected should be regarded as a bailment for a special purpose and that purpose having failed, that it can be recovered back from the municipality to which it was paid after demand.

The appellant insists that inasmuch as the tax was paid voluntarily and not under duress, it can not be recovered back; and cites Cooley on Taxation, 565, 566, 567, 568; N. B. A. Ass'n v. City of Chicago, 61 Ill. 443; and Falls v. City of Chicago, 58 Ill. 403; Easton v. City of Chicago, 519; Buchy v. Noland, 39 Ind. 234. We think these cases are intended to be applicable where the tax has been collected for a general purpose, where taxes may lawfully be collected and where it is lawful for the officers to use the money in paying it out in some legitimate way, on the liabilities of the corporation for which he acts.

But where the tax has been collected for some special purpose and for some reason the purpose has failed and the money can not be paid out on any other account, then we think the officer becomes the bai'ee of the party paying the money and should pay it over to the taxpayer on demand. Some one should be entitled to the money and it is certainly more equitable to hold that the party who paid it should have it, than that the officer or municipal corporation having it in

charge should have it.   We are also of the opinion that our Supreme Court has held to this doctrine in Bradford v. City of Chicago, 25 Ill. 411; Board of Supervisors v. Massy, 56 Ill. 160; Falls v. City of Cairo, 58 Ill. 408; Town of Virden v. Needles, 98 Ill. 366.

Seeing no error the judgment is affirmed.

*Judgment affirmed.*