[No. 13909. In Bank. — February 9, 1891.]

# W. B. WINN, RESPONDENT, v. RODY SHAW, APPELLANT.

COUNTY GOVERNMENT ACT — PURCHASE OF REAL PROPERTY — PUBLICATION OF NOTICE — MANDATORY STATUTE — POWER OF SUPERVISORS. — The provision of the County Government Act requiring the board of supervisors of a county to publish notice of their intention to make a purchase of real property for the benefit of the county in some newspaper of general circulation published in the county, etc., is mandatory, and operates as a limitation upon the power of the board to make any purchase of real property unless the publication is made as directed.

ID. — PRICE OF PUBLICATION — COMBINATION OF NEWSPAPERS. — The fact that no newspaper published in the county is willing to publish the notice for the price fixed by the supervisors, and that all the newspapers published in the county have combined to charge higher rates for advertising than the board are willing to pay, cannot affect or alter the jurisdiction of the board, or confer upon it power to purchase real property without making the publication required by the statute.

ID. — VALIDITY OF NEWSPAPER COMBINATION. — The question as to the validity of a contract between newspapers adopting a uniform schedule of

prices for advertising and printing, including all county work, is not involved in an action to prevent an illegal payment for land purchased by the supervisors without the publication of any notice.

ID. — INJUNCTION — RESTRAINING AUDITOR FROM DRAWING ILLEGAL WARRANT — SUIT BY TAX-PAYER. — A tax-payer may sue to enjoin the county auditor from drawing his warrant in payment for the purchase of land of which no notice has been published.

ID. — INTEREST OF TAX-PAYER. — A tax-payer of a county has such an interest in the proper application of funds belonging to the county that he may maintain an action to prevent their withdrawal from the treasury in payment or satisfaction of demands which have no validity against the county.

ID. — DAMAGE TO COUNTY — ILLEGAL PURCHASE. — It cannot be inquired whether the county will gain or lose by an illegal purchase of land, in an action to restrain the drawing of a warrant in payment therefor, it being sufficient to support the action that the purchase was made without authority of law.

APPEAL from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion of the court.

*Briggs & Hudner*, for Appellant.

This action will not lie to restrain the drawing of a warrant, there being an adequate remedy at law for the county. (County Government Act, secs. 6, 8; *Branch Turnpike Co.* v. *Supervisors*, 13 Cal. 190; *Trinity Co.* v. *McCammon*, 25 Cal. 120; *Linden* v. *Case*, 46 Cal. 174; *McCoy* v. *Briant*, 53 Cal. 249; *Cohen* v. *Gray*, 70 Cal. 85; *Hedges* v. *Dam*, 72 Cal. 522; *Merriam* v. *Supervisors*, 72 Cal. 519; *Doolittle* v. *Supervisors*, 18 N. Y. 162; *Roosevelt* v. *Draper*, 23 N. Y. 323.) It does not appear that the county will suffer any damage. (*Trinity Co.* v. *McCammon*, 25 Cal. 121; *Mechanics' Foundry* v. *Ryall*, 75 Cal. 602.) This is not a proceeding to set aside the order of the supervisors or to annul it, and it remains as passed. (*Colusa Co.* v. *De Jarnett*, 55 Cal. 373; *Fall* v. *Paine*, 23 Cal. 302; *Tilden* v. *Sacramento*, 41 Cal. 70.) Plaintiff cannot take advantage of his own wrong in refusing to publish notice. (Civ. Code, secs. 3515, 3517.) The combination of the newspapers was illegal. (*Valentine* v. *Stewart*, 15

Cal. 388; *Swan* v. *Chorpenning,* 20 Cal. 182; *Spence* v. *Harvey,* 22 Cal. 337; 83 Am. Dec. 69; *Packard* v. *Bird,* 40 Cal. 378; *Edwards* v. *Estell,* 48 Cal. 194; *Danielwitz* v. *Sheppard,* 62 Cal. 340; *Santa Clara V. M. & L. Co.* v. *Hayes,* 76 Cal. 387; 9 Am. St. Rep. 211; *Brisbane* v. *Adams,* 3 N. Y. 129; *Saratoga Co. Bank* v. *King,* 44 N. Y. 87; *Amot* v. *Pittsburg E. C. Co.,* 68 N. Y. 566.)

*Montgomery & Scott, Michael Mullany,* and *William Grant,* for Respondent.

The board had no power to purchase the land without publication of notice. (County Government Act, sec. 25; Dillon on Municipal Corporations, secs. 447–449.) Injunction will lie at suit of a tax-payer to restrain an unauthorized payment of county funds. (*Sands* v. *Pfeiffer,* 10 Cal. 264; *Foster* v. *Coleman,* 10 Cal. 280; *Shakespear* v. *Smith,* 77 Cal. 638; 11 Am. St. Rep. 327; *Andrews* v. *Pratt,* 44 Cal. 309; *McCord* v. *Pike,* 121 Ill. 28; 2 Am. St. Rep. 85, and note; 2 High on Injunctions, last ed., secs. 1251, 1298, 1309; 2 Dillon on Municipal Corporations, 4th ed., secs. 504, 914, et seq.)

DE HAVEN, J. — This is an appeal by the defendant, Shaw, who is the auditor of the county of San Benito, from a judgment enjoining him, as such auditor, from drawing a warrant of said county in favor of one Hodges. The court found that the plaintiff is a resident, elector, and tax-payer in the county of San Benito; that the board of supervisors of said county made an order declaring their intention to purchase from one Hodges, for the sum of $550, a certain described piece of land for the use of the county, and directed the clerk to give notice of said intention, as required by law; that there were at all times two newspapers of general circulation published in said county, but said notice of intention was not published in any newspaper in said county; that without such publication, the board of supervisors, at the time

fixed in said notice of intention, passed an order to purchase said real estate, and directed the appellant, as auditor, to draw his warrant on the county treasurer for the sum of $550 in favor of said Hodges, upon the delivery of a deed conveying the title to said land, to be approved by the district attorney, and that defendant threatens, and will, unless restrained, draw said warrant, in accordance with said order.

The findings further show that in January, 1890, the board of supervisors of said county fixed the price of all county advertising for the ensuing year at seventy-five cents per square for the first insertion, and twenty-five cents for each subsequent insertion. In March following, the plaintiff and one Shaw, who were the proprietors of the two only newspapers published in the county, entered into an agreement, adopting a uniform schedule of prices to be charged by them for advertising and printing, stipulating that the same should "extend to all county work, and, where possible and necessary, said county work shall be divided as equally between the two offices as possible, each receiving a profit proportionate to the work done." By this agreement said newspaper proprietors were to charge for county printing one dollar and fifty cents per square, first insertion, and seventy-five cents per square for each subsequent insertion.

The court further finds that neither of said newspapers was "willing" to publish said notice of intention for the price fixed by the board of supervisors, "but they were at all times willing and able to publish the same at the rate fixed by their agreement."

It is also averred in the complaint, and not denied in the answer, "that the said sum of money will be paid by the treasurer of the said county of San Benito to said J. I. Hodges upon receipt of said warrant and the delivery of said deed."

The foregoing constitute all the material facts necessary to be considered in giving judgment on this appeal.

1. The County Government Act provides as follows:—

"Sec. 25. The boards of supervisors in their respective counties have jurisdiction and power, under such limitations and restrictions as are prescribed by law: . . . . 8. To purchase . . . . any real or personal property necessary for the use of the county; . . . . but no purchase of real property must be made unless a notice of the intention of the board to make such purchase, describing the property to be purchased, the price to be paid therefor, from whom it is proposed to be purchased, and fixing the time when the board will meet to consummate such purchase, shall be published for at least three weeks in some newspaper of general circulation published in the county, or if none be published in the county, then by posting such notice," etc.

This provision of the statute prescribing the manner in which the board shall proceed in making a purchase of real property cannot be construed as simply directory, but such provision operates as a limitation upon the power of that body to make any purchase of real property; and unless the publication is made as directed, the board has no jurisdiction to act at all. The manifest design of the law is, that notice of such proposed action shall be given to the tax-payers of the county whose property may be affected by such a purchase, so that by remonstrance or petition they may be able to prevent it, or at least be afforded the opportunity to be heard in the matter; and we have no doubt that a compliance with the statute in this respect is essential to the validity of any such contract of purchase.

It is urged, however, that to hold this provision of the statute mandatory is to place it in the power of newspaper publishers to enter into illegal combinations, which, in effect, deprive the board of supervisors of any voice in the matter of determining what shall be paid by the county for such publications, or of exercising any judgment in relation to such subject. And it is argued

that this case affords an illustration of the manner in which a county may be subjected to the payment of exorbitant charges, or else cease to perform such governmental functions as, in order to be legally exercised, require published notice at some stage of the proceeding, one instance of which is to be found in the section of the County Government Act relating to the enactment of ordinances. This is an argument, however, which could more properly be addressed to the legislature. The language of the statute under consideration is plain, and the court must give effect to it as it is written; and if the evils suggested are likely to flow from this construction, the remedy must be by legislative action. Doubtless the law could be amended so as not to destroy its efficiency, by providing that the publication may be made in any paper circulating in the county, or giving the board a discretion in selecting a paper likely to give notice.

2. The appellant contends that a tax-payer cannot maintain an action in this class of cases, and as authority for this position refers to the cases of *Linden* v. *Case,* 46 Cal. 174; *McCoy* v. *Briant,* 53 Cal. 249; and *Merriam* v. *Board of Supervisors,* 72 Cal. 519. While there is some general language in each of these cases which lends support to the contention of the appellant on this point, still they are on the facts distinguishable from this, as in neither of them did it appear that the remedy of injunction was necessary in order to keep the county money from being illegally drawn from the treasury. But be that as it may, we are of opinion that a tax-payer of a county has such an interest in the proper application of funds belonging to the county that he may maintain an action to prevent their withdrawal from the treasury in payment or satisfaction of demands which have no validity against the county. The weight of authority seems to be in harmony with this view. (*Crampton* v. *Zabriskie,* 101 U. S. 601; 2 Dillon on Municipal Corporations, 4th ed., secs. 914, 922.)

In *Foster* v. *Coleman*, 10 Cal. 279, the right of the tax-payer to maintain such an action seems to have been assumed; and in the later case of *Shakespear* v. *Smith*, 77 Cal. 638, 11 Am. St. Rep. 327, it was held that a tax-payer of a school district could compel the cancellation of an illegal warrant drawn upon the superintendent of schools, and that such officer could, in the same action, be restrained from drawing a requisition on the county auditor, as directed by such illegal order.·

3. It is further urged that there is no allegation or finding that the county or plaintiff will suffer any damage if the land of Hodges is accepted and paid for; that it does not appear that its value is any less than the price agreed to be paid for it. But the question here is not whether the county will profit or lose by the transaction. If the law forbids the making of such a contract unless preceded by publication of the notice of intention to make it, that must be the end of the matter, as in such case there can be no legal liability on the part of the county to pay, and the object of this action is to prevent an illegal payment of public money. The principle was applied in *Shakespear* v. *Smith*, 77 Cal. 638; 11 Am. St. Rep. 327. In that case it was not denied that the school district was justly indebted to the payee in the order named, and the court said: "The only vice in the transaction consists in its allowance by a party in interest, which raises an implication of fraud, and renders the order void." The vice of the contract in this case is, that it was made without authority of law, and this appearing, it is void.

There are other matters discussed in the brief of counsel, but we have not thought it necessary to discuss them.

The question as to the validity of the contract made between the proprietors of the newspapers is not involved in this case. Judgment affirmed.

BEATTY, C. J., MCFARLAND J., HARRISON., J., PATERSON, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.