[L. A. No. 468. Department One.—September 1, 1899.]

I. ISAAC IRWIN, Appellant, v. THOMAS C. EXTON et al., Respondents.

MUNICIPAL CORPORATIONS—WATERWORKS—VOID BONDS—CONTROL OF FUNDS RAISED BY TAXATION.—Money raised by taxation toward the payment of void municipal bonds voted for the construction of waterworks by the city, is free from the direction of the statute, and need not be kept in a water-bond fund; but, if free from the claims of the taxpayers who paid it, it may be transferred by the city authorities to the general fund, and may be used by them in proper expenditures to secure plans and estimates of cost from an engineer for proposed waterworks, before submitting the question of bonds again to the people.

ID.—INJUNCTION—SUIT BY RESIDENT PROPERTY-HOLDER.—An elector and resident property-holder of the city, who does not seek to recover any part of the taxes paid to the city upon void water-bonds, cannot maintain a suit in equity for an injunction to restrain the city authorities from transferring the money raised by taxation therefor to another fund, to be used for a lawful purpose by the city.

ID.—REMEDY AT LAW FOR PERSONS AGGRIEVED.—A court of equity will not restrain the officers of a municipality from doing an act

which will not injure the complainant, and in a matter where there is an adequate remedy at law given to persons aggrieved.

APPEAL from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion.

Eugene Daney, for Appellant.

The city is estopped from claiming that the bonds are void, or from using the money raised to pay them for any other purpose. (4 Thompson on Corporations, secs. 5246, 5247; 2 Pomeroy's Equity Jurisprudence, secs. 804, 815, 819; *Spokane City Ry. Co. v. Spokane Falls*, 6 Wash. 521.) The taxes having been in fact illegally collected can be recovered back by the taxpayers. (*Newman v. Supervisors*, 45 N. Y. 687; *Chapman v. Brooklyn*, 40 N. Y. 379.) Such taxes do not come under the rule of voluntary payments which cannot be recovered back. (*Kerr v. Butz*, 34 Ill. App. 220.) Injunction will lie to restrain the disbursement of taxes illegally collected. (*Douglas v. Placerville*, 18 Cal. 643.)

W. T. McNeally, for Respondents.

The tax-payers cannot recover back the money; and the trustees may expend in accordance with the wishes of the tax-payers, as nearly as possible. (*Atchison v. State*, 34 Kan. 379.) The tax-payers paid the money voluntarily, and are estopped from claiming that it was illegally collected. (*Detroit v. Martin*, 34 Mich. 170; 22 Am. Rep. 512; Cooley on Taxation, 19, 809; 18 Am. & Eng. Ency. of Law, 220; *Bucknall v. Story*, 46 Cal. 589; 13 Am. Rep. 220; *Maxwell v. San Luis Obispo*, 71 Cal. 467; *Garrison v. Tillinghast*, 18 Cal. 404.) The moneys were kept until the claims of tax-payers are barred by the statute of limitations in an amount exceeding the expenditure proposed. The statute of limitations runs in such a case. (Cooley on Taxation, 807; *Callanan v. Madison County*, 45 Iowa, 561; Dillon on Municipal Corporations, sec. 946.)

CHIPMAN, C.—Oceanside is a city of the sixth class; on May 8, 1894, it voted thirty thousand dollars of bonds, under the act of March 19, 1889 (Stats. 1889, p. 399), and the acts

amendatory thereof (Stats. 1891, pp. 84, 132, and Stats. 1893, p. 61), for the purpose of acquiring water rights and the construction of water-works to supply the city and its inhabitants with water; bonds were printed but were never executed or sold, and it is conceded by both parties that they are void and therefore cannot be legally issued. After the election the city proceeded to levy an annual tax, under the provisions of the act, to raise the funds with which to pay the interest on the bonds and provide a sinking fund to pay the principal at maturity; as the result of said levy it is stipulated that "there is now in the city treasury . . . . for taxes collected on account of said bonds, . . . . in the fund known as water bond fund No. 2, about the sum of seven thousand nine hundred and ninety-nine dollars"; and that, unless restrained, defendants "will transfer from said water bond fund No. 2, to the water-works improvement fund, or to some other fund, moneys of said water bond fund No. 2, and will pay and order paid out of said moneys now in or hereafter taken from said last-mentioned fund, for the services of the engineer employed under the aforesaid resolutions"—*i. e.,* certain resolutions of the said defendants—the sum of eight hundred and forty dollars; plaintiff is an elector and resident property-holder of said city, but whether he paid into the treasury any of said sum collected as taxes does not appear; he is not seeking to recover any of this fund as paid by him; he seeks only to restrain defendants from transferring any of the money now in the said water bond fund to any other fund and to restrain defendants from using any of said money for the purposes threatened by them. The court entered judgment for defendants denying the injunction, and the appeal is from this judgment.

Counsel discuss many propositions which we do not deem it necessary to consider. The validity of the bond issue is not necessarily raised by the pleadings, and we do not pass upon that question. Both parties, however, concede that the bonds are invalid, and for the purposes of this case they will be so regarded. Appellant devotes much attention to the provisions of the statutes relating to the transfer by the municipal authorities of money under their control from one fund to another fund; and also to certain requirements of the municipal corporation

act by which it is claimed that taxes collected to pay the principal and interest on bonds "shall be kept in the treasury as a separate fund, to be inviolably appropriated to the payment of the principal and interest of such indebtedness." We cannot regard these provisions of the statute as involved. Appellant contends, and respondents concede, that there are no legal bonds in existence for many reasons; and, among others, that the initial proceedings of defendants were not in conformity with law, and no authority exists for creating a bonded debt. This being so, we cannot see how there can be a water bond fund where the taxes collected under these illegal proceedings can be impounded and held indefinitely. The statute provides for holding inviolate money paid into the treasury to meet the interest and principal of valid bonds, not bonds that have no legal existence. The trustees of the city may have entered these taxes on the books of the city as to the credit of a water bond fund, but, as the proceedings leading up to the collection of this money were void, and as the purpose for which the money was paid has failed, it seems to us that it is held by the city authorities freed from any of the directions of the statute under which it was collected, and is to be treated as any other money coming into their hands for some lawful purpose, but which cannot be used for the particular object contemplated when it was paid into the treasury. The money either belongs to the persons who paid it, or, if it cannot be recovered back by them, it may be carried to the general fund of the city and may be used for any of the purposes for which any other money in that fund may be used. Appellant cites the case of *Kerr v. Butz,* 34 Ill. App. 220, to show that these payments were not voluntary and that the city holds the money as bailee, to be paid to the tax-payer on demand. We are not called upon in this action to decide whether this money may be recovered back by the tax-payers who paid it; they are not asking it and may never do so; and the evidence is not directed specially to that question, and, to express any opinion upon it, would bind nobody. We cannot see, however, in what way plaintiff would be injured whatever may happen. He paid none of the money, so far as we know, and has no claim upon it; if it is paid back it does not injure him, and if it is retained and used, presumably he will be benefited in common with other

property holders. We do not think that the equity powers of the court should be interposed to restrain the officers of a municipality from doing an act which, if done, will not injure the complainant and in a matter where there is an adequate remedy at law given to the persons really aggrieved. Appellant's action amounts simply to a benevolent effort on his part to tie up this money against the day when the tax-payers who paid may claim their own.

We cannot believe it to be within the legitimate powers of an equity court to aid in such a purpose. If defendants proposed to use this money for some unlawful object, that is, for some object for which they could not use the funds of the city, plaintiff might maintain the action upon the principles laid down in *Winn v. Shaw,* 87 Cal. 631, but no such case is presented. The city has the right to use its general fund in proper expenditures to secure plans for proposed water works. The act relied upon by appellants provides, and he insists, that, before the city can submit to the voters the question of issuing bonds for this purpose, there must be plans and estimates of cost for the information of the voters. For authority to employ an engineer, as is proposed, see act of March 13, 1883 (Stats. 1883, p. 84), section 862, subdivision 3.

The proposed use of the money is not, therefore, in excess of the powers of the city authorities. In no view of the case can we see that plaintiff is entitled to the relief asked, and for this reason it is advised that the judgment be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Van Dyke, J., Garoutte, J., Harrison, J.