[Civ. No. 928. Second Appellate District.—November 23, 1910.]

## J. C. THOMAS, Appellant, v. J. C. JOPLIN, Treasurer of the County of Orange, et al., Respondents.

ACTION FOR INJUNCTION—PAYMENT OF WARRANTS—RIGHT LIMITED BY AMENDED CODE.—The prior right of any taxpayer to maintain an injunction to prevent illegal payments by a county treasurer has been limited by section 526a of the Code of Civil Procedure, enacted in 1909, which restricts the right to sue therefor to a resident citizen or corporation, who is liable to pay a tax in the county, or who has paid a tax therein one year before the commencement of the action.

ID.—INSUFFICIENT COMPLAINT—CAPACITY TO SUE NOT SHOWN.—A complaint filed since the passage of section 526a of the Code of Civil Procedure to restrain the county treasurer from paying warrants for salaries for deputies, on the constitutional ground that the legislature had thereby unconstitutionally increased the compensation of officers during their term of office, which merely alleges that he is a resident taxpayer of the county, without alleging his citizenship, does not show that he has the legal capacity to sue, and where such want of legal capacity is one of the grounds of a demurrer to the complaint, it was properly sustained.

ID.—CONSTRUCTION AND EFFECT OF STATUTE—PRESUMPTIONS.—The effect of the legislative act embodied in section 526a of the Code of Civil Procedure must be regarded as limiting the right to prosecute an action thereunder to suitors of the kind mentioned therein, or it can be given no effect at all. The legislature must be presumed to have acted with knowledge of the law as established by prior decisions, and with this knowledge in their minds, it must further be presumed that that section was enacted with a view to limit-

ing and restricting the prior right. It is an elementary rule of statutory construction that effect must be given to an act of the legislature whenever such effect is permitted upon a reasonable interpretation of its terms.

ID.—ALIENAGE OF PLAINTIFF NOT NEGATIVED—CONSTITUTIONAL QUESTION—INTEREST NOT SHOWN.—For aught that appears from plaintiff's complaint, he may be an alien; and unless he shows that he belongs to the class of persons entitled to prosecute this kind of an action, he cannot be heard at all, especially where he seeks to nullify an act of the legislature on a constitutional question. He is not a "party interested" in such question, in a legal sense.

APPEAL from a judgment of the Superior Court of Orange County. Frank R. Willis, Judge presiding.

The facts are stated in the opinion of the court.

S. M. Davis, and E. E. Keech, for Appellant.

Williams & Rutan, and Montgomery & Tarver, for Respondents.

JAMES, J.—Plaintiff brought this action to secure an injunction restraining defendant Joplin, as treasurer of the county of Orange, from paying certain warrants threatened to be issued and presented on account of salaries for deputies appointed by several of the officers of that county. A demurrer was interposed in which general and special grounds of objection to the sufficiency of the complaint were stated. This demurrer was sustained without leave to amend, and judgment followed in favor of defendants, from which judgment an appeal has been taken.

The several county officers of Orange county were elected at the general election held in 1906, and their terms of office were for four years, commencing in January, 1907. In 1909 the legislature amended the county government act as it affected that county, and provided for deputies to be appointed by several of the county officers, to be paid by the county. In the act as it existed theretofore no allowance for deputies for these officers had been made. Under the provisions of the amendment deputies were appointed by the county clerk, sheriff, auditor, treasurer, tax collector, and superintendent of schools, and these deputies have since their

appointment regularly drawn their salaries from the county treasury.

Plaintiff bases his suit for an injunction to prevent a further payment of salaries to the deputies on the claim that the amendment of 1909 could not be made operative during the terms of office of the then county officials, who had theretofore been allowed no paid deputies, because the effect in that case would be to increase the compensation of such officers during their term of office in violation of section 9, article XI, of the state constitution.

One of the grounds of demurrer was that plaintiff had no legal capacity to sue. In the complaint it is alleged, first: "That the plaintiff, at all the times herein mentioned, has been and still is a resident, owner of property, and a taxpayer of the county of Orange, state of California." Defendants insist that this statement is insufficient to show that plaintiff is such a person as is entitled to prosecute an action to restrain the payment of the demands of the deputies affected, and cite section 526a, Code of Civil Procedure. This section provides as follows: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein. This section does not affect any right of action in favor of a county, city, town, or city and county, or any public officer."

Section 526a above quoted was adopted in 1909, and placed in the chapter of the code relating to injunctions. Prior to its adoption it had been plainly established by the decisions that any taxpayer might bring an action to restrain the payment of public money under a claim that such payment, if made, would be illegal. (*Winn* v. *Shaw*, 87 Cal. 631, [25 Pac. 968].) Section 526a declares what persons or corporations shall be entitled to maintain that kind of an action. The effect of the legislative act must be regarded as one intending to limit the right to prosecute such an action to suitors of the kind mentioned therein, or it can be given no

effect at all. The legislature must be presumed to have acted with knowledge of the law as established by the decisions, which gave any taxpayer the right to maintain an action for injunction in a case like this, irrespective of his residence or citizenship; and it must be further presumed that section 526a was enacted with a view of limiting this right, and restricting it to citizens who are residents, or corporations, liable to pay a tax within the county, or who have paid such a tax within one year prior to the bringing of the action. Otherwise, the section neither confers nor limits any right not existing prior to its adoption. The elementary rule of statutory construction, that effect must be given to an act of the legislature whenever such effect is permitted upon a reasonable interpretation of its terms, requires neither argument nor authorities to illustrate its application here. It seems clear, therefore, that by section 526a, Code of Civil Procedure, the right to bring an action like the one plaintiff has here brought, for an injunction, is limited—in so far as it is conferred upon individuals—to citizens resident within the county. Plaintiff nowhere alleges in his complaint that he is a citizen. On his behalf it is argued that the terms "citizen" and "resident" are sometimes considered as synonymous, and refer merely, where not otherwise defined, to persons having an actual, permanent abode at a definite place. General definitions of the word "citizen" might be looked to to determine the sense in which the term is used in the statute, were it not for the fact that in the Political Code, at section 51, a complete definition is given. Citizens of the state are there defined to be: "1. All persons born in this state and residing within it, except the children of transient aliens and of alien public ministers and consuls; 2. All persons born out of this state who are citizens of the United States and residing within this state." It might be argued that a statute depriving citizens of other states of privileges equal with those of citizens of our own state would be obnoxious to the federal constitution; but even though some force should be conceded to this contention, the provisions of the statute considered here would not be made wholly inoperative. (*Estate of Johnson*, 139 Cal. 532, [96 Am. St. Rep. 161, 73 Pac. 424].) For aught that appears from plaintiff's complaint, he may be an alien, and unless he shows that he belongs to the class of

persons entitled to prosecute this kind of an action, he cannot be heard at all, especially when he seeks to nullify the effect of an act of the legislature by raising constitutional questions. He is not, then, a "party interested" in a legal sense. (*Davidson* v. *Von Detten,* 139 Cal. 469, [73 Pac. 189].)

Having determined that it does not appear from his complaint that plaintiff has the legal capacity to sue, it follows that the order sustaining the demurrer of defendants was rightly made. If it were profitable so to do, the merits of the constitutional question presented might also be considered, but any conclusion that might be announced upon that matter would have no binding effect upon the parties.

The judgment is therefore affirmed.

Allen, P. J., and Shaw, J., concurred.