[Civ. No. 10804.   Second Appellate District, Division Two.—March 17, 1936.]

MAYNARD C. CRAWFORD et al., Executors, etc., Petitioners, v. HERBERT A. PAYNE, as County Auditor, etc., Respondent.

Anne O'Keefe, William Katz and Ralph C. Curren for Petitioners.

Isaac Pacht and Clore Warne, as *Amici Curiae* on Behalf of Petitioners.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondent.

WOOD, J.—This is an original proceeding whereby the executors of the will of Hugh J. Crawford, deceased, seek to compel the auditor of Los Angeles County to issue a warrant in a sum claimed to be due for services rendered during his lifetime by the decedent as judge of the Municipal Court of the City of Los Angeles. Petitioners allege that Judge Crawford received compensation at the rate of $7,500 per year until August 23, 1933, at which time the legislature reduced the compensation of judges of the Municipal Court of Los Angeles to $6,500 per year and left the compensation of the judges of the Municipal Court of the City of San Francisco at the sum of $7,500, the amount which before that time had been paid to the judges in both cities. Petitioners claim there is due them the sum of $1889.61, the difference between the amount actually received and the amount which it is claimed should have been paid as compensation for services rendered between August 23, 1933, and the time of his death at the rate of $7,500 per year.

It is contended by petitioners that the amendment of 1933, by which the salaries of the Los Angeles judges were reduced, is unconstitutional in that the compensation of judges is not regulated in proportion to duties and that the amendatory act is special and local in character. Much discussion is contained in the briefs on the question whether the amendment referred to is rendered ineffective by section 5 of article XI of the Constitution. It is clear, however, that the question must be determined adversely to petitioners' contention for the reason that the constitutional amendment adopted in 1924, article VI, section 11, providing for the establishment of municipal courts contains this provision "The compensation of the justices or judges of all courts of

record, shall be fixed and the payment thereof prescribed by the legislature." The municipal court is a court of record. The language just quoted is simple and does not require interpretation. The legislature has been given plenary power in the matter of the compensation to be received by the judges and all other parts of the Constitution inconsistent with this section have been superseded. Nothing is found in the amendment restricting the legislature in its control of judicial salaries. No provision is made therein for fixing compensation in proportion to duties or population. The decision of the Supreme Court in *Sevier* v. *Riley*, 198 Cal. 170 [244 Pac. 323], is contrary to the contention of petitioners and is conclusive of the question before us. In that case a judge of the superior court successfully sought by a writ of mandate to compel the state controller to issue a warrant for his full salary in accordance with a legislative enactment whereby his salary was increased during his term of office. Section 17 of article VI of the Constitution provides that the salaries of judges in counties of the class in which Judge Sevier had been elected could not be increased or decreased during their terms of office. In granting the writ the court, referring to section 11 of Article VI, said "The framers of the recent amendment to the Constitution intended by the clause therein, above quoted, to commit the entire subject of the compensation of the justices and judges of all courts of record in this state, both as to the amount thereof and as to the time and manner of payment, to the legislature and to abrogate whatever of the former provisions of the Constitution touching that subject were found to be inconsistent with the exercise of such plenary legislative control."

Petitioners further contend that the 1933 amendment to section 7 of the act relating to municipal courts is so indefinite and uncertain as to be ineffective. The amendment provides: "There shall be thirty judges . . . each of whom shall receive six thousand five hundred dollars, payable in equal monthly installments; . . . " It is argued that it cannot be ascertained for what period of time the sum of $6,500 shall be paid.

Salaries of judges of courts of record have uniformly been fixed in California on an annual basis. The Constitution provides in article V, section 19, that the compensation of the state officers therein mentioned shall be at a given sum "per

annum''. Before the amendment of 1933, section 7 of the Municipal Court Act provided: "There shall be thirty judges, each of whom shall receive seven thousand five hundred dollars per annum, payable in equal monthly installments; . . . " It is evident that the words "per annum" were inadvertently omitted and that the legislature intended that the statute should read, "six thousand five hundred *per annum* . . . " Since the sum specified is made payable in equal monthly instalments it is manifest that it was not intended that the sum of $6,500 should be paid monthly or for any lesser period. It is also manifest that the sum of $6,500 was not intended as payment for services for the full term for which such judges are elected or appointed, since an elected judge serves six years and an appointed judge serves only part of a term. ▮ Effect must be given to a legislative act if by a reasonable interpretation the legislative intent can be ascertained. (*Thomas* v. *Joplin*, 14 Cal. App. 662 [112 Pac. 729].) The statute must be construed with reference to the purpose intended by the law-making body. When the true intention of the legislature is ascertained it must be given effect, and to attain this object words may be added to or stricken out in proper cases. (*In re Sekiguchi*, 123 Cal. App. 537 [11 Pac. (2d) 655].) Courts should not permit a legislative act to be declared invalid for uncertainty if the intent of the legislature is manifest and if its object can be obtained by supplying words which apparently were omitted through inadvertence. In supplying words in proper cases the courts should, of course, ever exercise care to keep within the field of judicial interpretation. (*State* v. *Brodigan*, 37 Nev. 245 [141 Pac. 988, 989]; *Continental Oil Co.* v. *City of Santa Fe*, 25 N. M. 94 [177 Pac. 742, 744, 3 A. L. R. 398].) "When it is obvious that there is a mistake or omission in a statute and the intention of the legislature can be collected from the whole statute, courts will deem the proper word substituted or supplied." (*Morrison-Merrill & Co. et al.* v. *Industrial Com. of Utah*, 81 Utah, 363 [18 Pac. (2d) 295].)

We conclude that the legislature by the amendment of 1933 fixed the compensation of the municipal judges in Los Angeles at the sum of $6,500 per annum.

The alternative writ is dismissed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1936.