[No. 3,800.]

## LINDEN v. CASE ET AL.

UNAUTHORIZED ORDER OF SUPERVISORS. — No order made by a Board of Supervisors is valid or binding unless it is authorized by law.

CLAIMS AGAINST A COUNTY. — No claim against a county can be allowed unless it be legally chargeable to the county; and if claims not legally chargeable to the county are allowed, neither the allowance nor the warrants drawn therefor create any legal liabilities.

IDEM — DUTY OF AUDITOR AND TREASURER. — If illegal claims are allowed by a Board of Supervisors against the county, it is the duty of the Auditor to refuse to draw warrants therefor ; and when the warrants are drawn it is the duty of the Treasurer to refuse to pay them.

INJUNCTION TO RESTRAIN ILLEGAL LIABILITIES. — An injunction will not be granted to restrain a Board of Supervisors from incurring liabilities which are not a legal charge against the county.

APPEAL from the District Court of the Third Judicial District, Alameda County.

An injunction was granted restraining the defendants from erecting a Hall of Records or other county buildings for Alameda County, from contracting any debt or liability on

behalf of the county for or on account of such buildings, and from allowing any accounts against the county thereon.

The other facts are stated in the opinion.

*S. M. Wilson* and *W. W. Cope*, for Appellants.

In order to justify an injunction against public officers the case made must be within some acknowledged head of equity jurisdiction, such as the prevention of a multiplicity of suits, irreparable injury, or a cloud upon the title to real estate. (*Susquehanna Bank* v. *Supervisors of Broome County*, 25 N. Y. 312; *Dows* v. *City of Chicago*, 11 Wall. 108; *County of Cook* v. *The Chicago, etc. R. R. Co.*, 35 Ill. 460; *Macklot* v. *City of Davenport*, 17 Iowa, 379; *Ritter* v. *Patch*, 12 Cal. 298; *Branch Turnpike Co.* v. *Supervisors of Yuba County*, 13 Cal. 190.)

*Haight & Sawyer*, for Respondent.

Section three thousand four hundred and twenty-three of the Civil Code, instead of forbidding the remedy of injunction, clearly allows it. In this case a "multiplicity of judicial proceedings" would result from a denial of an injunction, and the object is to prevent a "breach of trust" by public officers. For these purposes it is expressly allowed.

The power of the Court is not invoked to prevent any legislative act, but simply to prevent the execution of a contract, which is purely a ministerial or executive act. (32 Barbour, N. Y. 35.) This distinction is obvious, and is recognized by elementary writers. (High on Injunctions, Sec. 787.)

By the Court, BELCHER, J.:

This action was brought by the plaintiff, as a citizen and taxpayer of Alameda County, to enjoin the defendants, who composed the Board of Supervisors of the county, from

doing certain acts mentioned in the complaint. A temporary injunction was granted upon the complaint, and from this order the appeal is taken.

The substance of the complaint is that the county seat of Alameda has been removed, in accordance with law, from San Leandro, where it has hitherto been located, to the City of Oakland; that the defendants, at a meeting of the Board, have determined to locate the public buildings of the county upon a block of land outside of the City of Oakland, and within the territory which was incorporated in 1870 as the Town of Brooklyn; that this location was procured by the votes and influence of the defendant Case, who was interested in the said block and property adjacent, and, therefore, legally disqualified from acting in the matter; that the location is wholly unsuitable for the county buildings, and was not made by the defendants in good faith, but was dictated by the private interests of the defendant Case in fraud of the rights of the taxpayers, and of the plaintiff as a taxpayer; that the defendants are about to make a contract for the erection of the buildings, after advertising only one week for proposals for the same, which, if made, will involve a large expenditure to the county, and become a charge upon the taxpayers of the county, and upon the property of the plaintiff, and an incumbrance thereon; that no authority of law exists for such expenditure, nor are said defendants or said Board of Supervisors authorized by law to make provisions for the payment of any claims for or on account of such work; that the said Board have not yet acquired any title to the said block, and the same is not the property of the county; and that debts and liabilities have already been created by the Board and other county officers, in pursuance of law, which, added to salaries of county officers, and other liabilities fixed by law, more than equal in the aggregate the revenue of the county for current expenses.

Waiving the question of whether the action is properly brought by the plaintiff and against the defendants, without making the county by name a party thereto, we are satisfied that the complaint states no cause of action. It is settled in this State that no order made by a Board of Supervisors is valid or binding, unless it is authorized by law. No claim against a county can be allowed, unless it be legally chargeable to the county; and if claims not legally chargeable to the county are allowed, neither the allowance nor the warrants drawn therefor create any legal liabilities. (*People* v. *Supervisors of El Dorado County*, 11 Cal. 170; *Branch Turnpike Company* v. *Supervisors of Yuba County*, 13 Cal. 190; *Trinity County* v. *McCammon*, 25 Cal. 117.)

If, therefore, it be true, as alleged, that no authority of law exists for the expenditure proposed, and neither the defendants nor the Board of Supervisors are authorized by law to make provision for the payment of any claim for or on account of the work proposed, it must follow, as a consequence, that by no legal possibility can the plaintiff, or the other taxpayers of the county, be injured by the supposed illegal acts of the defendants. The expenditure, if made, would, in that event, be no charge upon the plaintiff's property, and he has, therefore, no interest in the question presented. If illegal claims are allowed by the Board against the county, it will be the duty of the Auditor to refuse to draw warrants therefor; and if warrants are drawn, it will then be the duty of the Treasurer to refuse to pay them. The presumption is that these officers will faithfully discharge their duty in the premises.

Order reversed. Remittitur to issue forthwith.

Neither Mr. Justice CROCKETT nor Mr. Justice NILES expressed an opinion.