[No. 11611. In Bank.— June 13, 1887.]

JOSEPH MERRIAM, Appellant, v. BOARD OF SU-PERVISORS OF ·YUBA COUNTY, Respondent.

Injunction — Restraining Supervisors — Auditing Illegal Claims. — An injunction will not lie at the instance of a tax-payer of a county to restrain the board of supervisors from examining, auditing, or ordering paid certain claims on the ground that the same are not proper or valid demands against the county.

Appeal from a judgment of the Superior Court of Yuba County.

The action was brought by a tax-payer of Yuba County to enjoin the board of supervisors from examining, auditing, or ordering paid certain alleged improper and illegal claims arising out of services rendered in the United States courts, in certain actions therein pending, for the purpose of restraining persons from mining by the hydraulic process, and sending their tailings down the Yuba and other rivers. The complaint, after alleging that the plaintiff is a resident and tax-payer of Yuba County, proceeds to aver that the board of supervisors of the county has allowed and ordered paid a large sum of money from the county treasury, and has expressed its determination, as such board, to examine, audit, and order paid other demands amounting to ten thousand dollars; that said claims arose out of a certain action brought in the United States Circuit Court by Edwards Woodruff against the North Bloomfield Gravel Mining Company, and other persons engaged in the business of

hydraulic mining; that neither the county of Yuba nor any of its officers were ever a party to such suit; that, for the purpose of conducting the suit, attorneys were employed on behalf of the plaintiff; that a large number of spies have been employed for the purpose of ascertaining whether the injunctions granted therein have been obeyed, and that they have a personal understanding with a majority of the board of supervisors that the latter would, in its official capacity, examine, allow, audit, order paid, and cause to be paid out of the county treasury, their wages and expenses; that the attorneys in said case have a similar understanding with a majority of the board. The complaint further alleges that unless restrained the board of supervisors will audit and allow said claims; that the county treasury will be exhausted by the payment thereof, and the rate of taxation will be increased. The defendant demurred to the complaint, on the ground that it failed to state facts sufficient to constitute a cause of action, and subsequently, upon obtaining leave from the court, filed an amended demurrer, setting forth additional grounds of objection to the complaint. The further facts are stated in the opinion of the court.

*Cross & Simonds*, for Appellant.

*E. A. Forbes, E. A. Davis*, and *A. L. Hart*, for Respondent.

Temple, J. — It is not necessary to consider the alleged error in allowing the amendment to the demurrer, as the only questions which we find it necessary to consider arise upon the general demurrer, which are the same in each demurrer filed.

The case appears to be clearly within the rule laid down in *Linden* v. *Case*, 46 Cal. 171. In other states, it is true, such suits have been maintained, although the rulings do not seem to be uniform upon the subject.

It is hardly claimed here that there is an excess of

jurisdiction. It may be that facts exist which would justify the board in allowing the claims. We must presume that the board will do its duty, and we cannot assume that the claims will be allowed improperly. How can the plaintiff know, or this court decide in advance, that the claims will not be rejected for the objections alleged against them by petitioner?

Besides, as stated in *Linden* v. *Case, supra,* even if the board should allow them, the county and tax-payers are not without remedy. The auditor ought not to draw his warrant for an illegal demand, even although allowed by the board, and if he does so knowingly and willfully, he is personally responsible, and may be made to refund the money thus illegally paid. The same rule applies to the treasurer. The warrant drawn by the auditor would be no excuse for the payment of a claim known to be not a lawful charge. Then the district attorney is required to look after the affairs of the county, and it is his duty, of his own motion, to commence suits to recover moneys illegally paid out. (Pol. Code, sec. 4086; County Government Act, sec. 8.) The members of the board would themselves be individually responsible for moneys willfully paid out without authority of law. They are trustees of the funds for certain specified purposes, and cannot, except by violating their oaths, allow them to be applied to other purposes. They act judicially, it is true, and will not be held accountable for mere errors, but they will not be excused on the ground that they have acted honestly merely because they do not steal the funds. If they willfully appropriate moneys for a purpose not authorized by positive law, they are liable civilly and criminally.

If other safeguards are needed, the legislature can provide them. It is not the province of the courts.

Judgment affirmed.

THORNTON, J., SEARLS, C. J., and PATERSON, J., concurred.

McKINSTRY, J., concurring. — I concur in the judgment, on the authority of the decision in *Linden* v. *Case*, 46 Cal. 171.

McFARLAND, J., dissenting. — I dissent, and that *Linden* v. *Case* should be overruled.