[S. F. Nos. 1597, 1599. In Bank.—October 19, 1899.]

## WESLEY MOCK, Respondent, v. CITY OF SANTA ROSA et al., Appellants.

APPEAL FROM JUDGMENT—REVIEW—ABSENCE OF EXCEPTIONS—OBJECTIONS TO EVIDENCE WAIVED—ADMISSIBILITY UNDER PLEADINGS.—Upon an appeal from the judgment without a bill of exceptions, appellants necessarily admit that there were no errors in the admission or rejection of evidence, and that the evidence sustains the findings; and it cannot be considered whether the failure of the plaintiff to file an amended or supplemental complaint was or was not a ground for excluding evidence of facts occurring after the commencement of the action. It cannot be objected upon appeal for the first time that evidence was inadmissible under pleadings which might have been amended to justify the evidence.

ID.—JUDGMENT-ROLL—MOTIONS AND RULINGS AS TO PLEADINGS.—Motions to strike out parts of a pleading, and to make it more definite and certain, and the rulings thereon, are not part of the judgment-roll, and cannot be reviewed on appeal from the judgment, in the absence of a bill of exceptions.

PLEADINGS—RELIEF UNDER ISSUES—PRAYER FOR GENERAL RELIEF—CONSTRUCTION OF CODE.—The provision of section 580 of the Code of Civil Procedure, that in case of an answer the court may grant "any relief consistent with the case made by the complaint and embraced within the issue," is but a concise statement of the rule observed upon the subject of relief in courts of equity; and, under the prayer of the complaint for general relief, any relief may be granted which is not inconsistent with the pleadings and the issues actually tried.

ACTION TO ANNUL CONTRACT FOR WATERWORKS—MUNICIPAL BONDS—ACCOUNTING—JUDGMENT FOR LOSS—RELIEF UNDER GENERAL PRAYER.— In an action by a taxpayer against a city and its officers, and other persons interested, the object of which, as disclosed by the complaint, was to annul a contract of the city for waterworks, to prevent their construction, and to compel a return to the treasury of municipal bonds delivered to the contractor, to be retained therein until properly sold for money, where it appears at the trial of the issues that the bonds were in the hands of purchasers in New York, and that the waterworks had been constructed at a loss to the city, the court, besides annulling the contract under the special prayer of the complaint,

may, under the prayer for general relief, charge the defendants responsible for the loss with the value of the bonds, and order them to be credited, upon an accounting, with the ascertained value of the waterworks, and may render judgment for the difference.

Id.—Alternative Judgment for Sale of Waterworks.—A clause in the judgment in such action giving to the city the alternative of refusing to consent to the value of the waterworks ascertained as the result of an accounting, and to compel a sale of the waterworks to ascertain such value, is improper, and should be stricken from the judgment.

Id.—Right of Taxpayer to Sue—Motives—Pleading—Real Party in Interest—Immaterial Issue.—A resident taxpayer of the city is qualified to bring an action to invalidate a contract with the city for the construction of waterworks, and to prevent improper action thereunder; and his ulterior motives cannot disqualify him. A plea that the taxpayer is not the real party in interest, and that the action was prosecuted in the interest of a private corporation supplying the city with water, and that the action is one of a series instituted to hinder and delay the construction of waterworks by the city, presents an immaterial issue, upon which no finding is required.

Id.—Consent of City Attorney to Action by Taxpayer—Construction of Charter.—A provision in the city charter making it the duty of the city attorney to represent the city in all suits to which the city is a party, and giving him power to prosecute violations of city ordinances, and to collect delinquent taxes, does not give him power upon his own motion to commence suits for the city in other matters, and an action by a taxpayer to annul a contract for city waterworks does not require the consent of the city attorney, or any previous request therefor.

Id.—Demand by Taxpayer upon City Authorities.—A demand by the taxpayer complainant upon the mayor and common council of the city, who are made defendants, to bring suit in the premises, was not necessary, as a condition precedent to bringing the action, where the complaint shows that such demand would have been useless.

Id.—Demand for Return of Bonds.—The failure to demand a return of the bonds before suit is not ground of reversal, where the answer shows that they were sold to purchasers out of the jurisdiction of the court, and that the complete construction of the waterworks had been paid for out of the proceeds of the sale.

Id.—Parties—Bondholders Out of State.—The holders of municipal bonds are proper parties to an action to invalidate the contract under which they were issued, and to compel their return to the treasury; but, where it appears that they were out of the state, and thus beyond the jurisdiction of the court, they are not indispensable parties to the action, especially where no

fact is alleged in the pleadings that would affect their title to the bonds if they had been parties.

Id.—City Clerk and Auditor.—The city clerk and auditor is not a proper party to such action.

Id.—Misjoinder of Parties and Causes of Action—Equitable Suit.—There is no misjoinder of parties or causes of action in an equitable suit by a resident taxpayer against the city, the mayor, and members of the common council, the city treasurer, and the contractor, and the proposed constructor of city waterworks, to annul the contract, and prevent the construction of the works, and to compel the return to the treasury of bonds delivered to the contractor. The contract and all proceedings under it are but the constituent parts of one entire thing, and all of those defendants are connected with the proceedings, and adequate relief requires their presence.

Id.—Relief in Equity against Acts of Municipal Officers.—Courts of equity will not enjoin municipal bodies from the passage of ordinances or resolutions; but, after their passage, they will, upon a proper case shown, prevent their enforcement, and enjoin proceedings thereunder which would otherwise result in irreparable injury.

Id.—Pleading—Description of Municipal Officers—Personal Liability for Misconduct.—The fact that the mayor, members of the common council, and other municipal officers made defendants, are described in the complaint in their official capacities, and that relief was sought and properly had against each of them in his official capacity, does not preclude a recovery against them personally and individually, for a wrongful exercise of their official functions in excess of their official powers and duties, on account of which the municipality has suffered loss.

Id.—Violation of Official Duties—Relation of Pleading to Judgment—Descriptio Personarum.—The violation by the municipal officers of their official powers and duties could not be shown without showing their official positions; and, where relief is also sought against them in their official capacities, they are properly sued as officers, and the judgment will show the character in which they are liable. In so far as relates to the judgment against them personally for official misconduct, their official designations will be regarded as *descriptio personarum.*

Id.—Common-law Liability of Officers.—Public officers are liable at common law to respond in damages to the extent of the injury arising from their neglect or refusal to perform ministerial duties.

Id.—Loss to City from Change of Plans—Issue under Pleadings.—Where the complaint to annul the contract for city waterworks, and to prevent its performance, set out the contract which provided for changes by the city authorities, and for an increase or diminution in cost resulting therefrom, to be agreed in writing in advance of the changes, and set out proposed changes by

the city, not appearing to be accompanied or preceded by such agreement, and alleged a plan of the defendants to prevent competition and to exchange bonds for the work, and the answer filed long afterward took issue as to such plan, and alleged that the waterworks were substantially completed, and the city was entitled to possession thereof without interference, losses resulting to the city from the change of plans are within the issues raised by the pleadings.

ID.—STRIKING OUT SEPARATE ANSWER OF NONAPPEALING DEFENDANT—JOINT AND SEVERAL JUDGMENT.—The question whether the court erred in striking out the separate answer of a nonappealing defendant, and whether the judgment against him exceeded the prayer of the complaint, is immaterial; and the appellants cannot be injured by a joint and several judgment rendered against them together with such nonappealing defendant.

APPEAL from a judgment of the Superior Court of Sonoma County. William R. Daingerfield, Acting Judge.

The facts are stated in the opinion of the court.

Russell & Campbell, for Appellants.

Seligman & Co. were necessary parties. Judgment for return of the bonds could not be rendered in their absence. The judgment rendered is outside the issues and void. (*Shields v. Barrow*, 7 How. 130; *Ribon v. Chicago etc. R. R. Co.*, 16 Wall. 452; *Wright v. Ward*, 65 Cal. 525; *Russell v. Clark*, 7 Cranch, 69; Story's Equity Pleading, secs. 77, 81-83.) The court had no power to strike out the answer of defendant Paul B. Perkins. (*Hovey v. Elliott*, 167 U. S. 409; *Foley v. Foley*, 120 Cal. 33; 65 Am. St. Rep. 147.) On default of Perkins, or striking out his answer, the court could not give any other judgment than that mentioned in the prayer, as against him, and, for the reasons above mentioned, the judgment could not be given against any of these appellants outside the prayer on default of Perkins. (*Pittsburgh etc. Co. v. Greenwood*, 39 Cal. 71; Code Civ. Proc., sec. 580; *Nevada etc. Co. v. Kidd*, 37 Cal. 303, 304; *Chetwood v. California Nat. Bank*, 113 Cal. 420, 421.) The prayer indicates the nature of the case where either of two or more kinds of judgments are warranted by the facts alleged. (*People v. Mier*, 24 Cal. 61; *Arrington v. Liscom*, 34 Cal. 376; 94 Am. Dec. 722; *Pittsburgh etc. Co. v. Greenwood, supra; Nevada etc. Co. v. Kidd, supra; Chetwood v. California Nat. Bank, supra*.) This

action is not maintainable by a taxpayer. The powers of a taxpayer plaintiff are limited and can be extended only on acts or threatened acts of ministerial officers. (2 High on Injunctions, sec. 1243; *Des Moines Gas Co. v. Des Moines*, 44 Iowa, 505; *Merriam v. Board of Supervisors*, 72 Cal. 517; *Linden v. Case*, 46 Cal. 171; *Alpers v. San Francisco*, 32 Fed. Rep. 503; *Harrison v. New Orleans*, 33 La. Ann. 222; 39 Am. Rep. 272; *Dunn v. Long Beach Land etc. Co.*, 114 Cal. 609, 610.) If the contract with Effey is void, the plaintiff is not injured, and if it is not void the plaintiff is unhurt. There was a misjoinder of causes of action. An action against an officer for liability in his official capacity cannot be joined with an action against him in his individual capacity for the same matters. (*Stockton Building etc. Soc. v. Chalmers*, 75 Cal. 332; 7 Am. St. Rep. 173; *Wood v. Curran*, 99 Cal. 140, 141; *McComb v. Spangler*, 71 Cal. 425; *Havemeyer v. Superior Court*, 84 Cal. 385-87; 18 Am. St. Rep. 192; *Ord v. Bartlett*, 83 Cal. 428; *Chetwood v. California Nat. Bank, supra.*) If the facts alleged in a complaint against a party in one capacity mentioned in the prayer, but incidentally, are sufficient to constitute a cause of action against him in another capacity, the plaintiff is limited to his remedy against the defendant in the capacity prayed for, and only for the relief sought. (*Ross v. Mather*, 51 N. Y. 108; 10 Am. Rep. 562.) And the relief granted in equity under a prayer for general relief can be no broader than the facts alleged. (*English v. Foxall*, 2 Pet. 595-612; *Eyre v. Potter*, 15 How. 42-56; *Jackson v. Ashton*, 11 Pet. 249.) No amendment was made to cover facts occurring after the commencement of the action, and the judgment being based upon such facts is outside the issues and must fall. (*McCreary v. Marston*, 56 Cal. 403, 404; *Morenhout v. Barron*, 42 Cal. 605; *Marks v. Sayward*, 50 Cal. 57; *Green v. Chandler*, 54 Cal. 627; *Murdock v. Clarke*, 59 Cal. 693; *Heinlen v. Heilbron*, 71 Cal. 563, 564; *Commissioners v. Barnard*, 98 Cal. 199; *Hall v. Arnott*, 80 Cal. 358; *Ortega v. Cordero*, 88 Cal. 225-28; *Mowry v. Heney*, 86 Cal. 474, 475; *Shenandoah etc. Co. v. Morgan*, 106 Cal. 409; *Rudel v. Los Angeles Co.*, 118 Cal. 286, 287.)

O. O. Weber, City Attorney, and Thomas Rutledge, for City, Appellant.

No personal judgment was sought against the city officers. The prayer of the complaint is a necessary part of it, and shows the object of the action. (Code Civ. Proc., sec. 426, subd. 3; *Nevada etc. Co. v. Kidd,* 37 Cal. 283, 301-03; *Arrington v. Liscom,* 34 Cal. 375; 94 Am. Dec. 722; *People v. Mier,* 24 Cal. 61, 66, 67, 71; *Young v. Wright,* 52 Cal. 407-10; *Chetwood v. California Nat. Bank,* 113 Cal. 414-20.) Recovery could only be had upon the case made in the complaint. (*Reed v. Norton,* 99 Cal. 617-19; *Commissioners v. Barnard,* 98 Cal. 199; *Devoe v. Devoe,* 51 Cal. 543.) The city authorities having been sued in their official capacity, the judgment cannot bind them personally. (1 Freeman on Judgments, sec. 156, p. 285, and authorities cited.) The city has a right to object and does object to a sale of its property to pay debts of wrongdoers. The court had no jurisdiction to invest anyone with an interest in the property as trustee. (*Hardy v. Johnson,* 1 Wall. 371, 372; *Meriwether v. Garrett,* 102 U. S. 513.) The motives of the council in their legislative action was not a proper subject of inquiry. (1 Dillon on Municipal Corporations, sec. 313.) The plaintiff merely as a taxpayer cannot maintain the action. (*Dunn v. Long Beach etc. Co.,* 114 Cal. 605, 609.) The city attorney alone could bring the action. The action not being prosecuted in good faith by the plaintiff for his own benefit, equity will grant no relief. (2 High on Injunctions, sec. 1302.)

Edward Lynch, for Respondent.

The action was maintainable in equity against the city authorities, including the council. (*Oakland v. Carpentier,* 13 Cal. 548, 552; *Spring Valley Waterworks v. Bartlett,* 16 Fed. Rep. 620; *Spring Valley Waterworks v. San Francisco,* 82 Cal. 288; 16 Am. St. Rep. 116; *Bradford v. San Francisco,* 112 Cal. 537; *Holland v. San Francisco,* 7 Cal. 361; *Avery v. Job,* 25 Or. 513.) A taxpayer may maintain the action. (*Bradford v. San Francisco, supra; Andrews v. Pratt,* 44 Cal. 309; *Douglass v. Placerville,* 18 Cal. 644; *Gibson v. Supervisors,* 80 Cal. 359; *Yarnell v. Los Angeles,* 87 Cal. 603; *Alpers v. San Francisco,* 32 Fed. Rep. 507; *Crampton v. Zabriskie,* 101 U. S. 601; *Austin v. Nalle,* 85 Tex. 520.) His motives in bringing the action cannot affect his right. (*Times Pub. Co. v. Everett,* 9

Wash. 518; 43 Am. St. Rep. 865.)    Seligman & Co. were not
necessary parties, being out of the jurisdiction of the court.
(*United States v. Parrott,* 1 McAll. 221; *Milligan v. Milledge,*
3 Cranch, 220; *Daviess Co. Ct. v. Howard,* 13 Bush, 102, 111;
Story's Equity Pleading, sec. 78; Hawes on Parties, secs. 19-33.)
The court, having jurisdiction of the cause, and the parties hav-
ing answered, had power to render any judgment against or in
favor of any party called for by the facts of the case.    (Story's
Equity Jurisprudence, 13th ed., sec. 439; Code Civ. Proc., sec.
580; *Heinlen v. Martin,* 53 Cal. 342, 343; *Woodroof v. Howes,* 88
Cal. 202; *Roberts v. Eldred,* 73 Cal. 397; Daniell's Chancery
Pleading and Practice, 1224; *Jones v. Steamship Cortes,* 17 Cal.
498; 79 Am. Dec. 142; *Gray v. Dougherty,* 25 Cal. 277.)    The
judgment against the defendants individually was proper,
though impleaded in their official capacity.    (*Scott v. Alexander,*
23 S. C. 126; *Ransom v. Geer,* 30 N. J. Eq. 252; *Litchfield v.
Flint,* 104 N. Y. 550; *Beers v. Shannon,* 73 N. Y. 296; *Stilwell
v. Carpenter,* 2 Abb. N. C. 261; *Flickenger v. Hull,* 5 Gill, 74;
*Carson v. Phelps,* 40 Md. 98; 27 Am. & Eng. Ency. of Law,
248.)    Appellants have no right to complain of the action of
the court in striking out the answer of Perkins, who has not
appealed.    (*Gates v. Salmon,* 46 Cal. 376.)    Motions and rul-
ings not part of the judgment-roll cannot be considered on
this appeal, there being no bill of exceptions.    (*Sutter v. San
Francisco,* 36 Cal. 112; *Morris v. Angle,* 42 Cal. 236; *Douglas
v. Dakin,* 46 Cal. 49; *Cleland v. Walbridge,* 78 Cal. 358; *Sichler
v. Look,* 93 Cal. 600; *Ganceart v. Henry,* 98 Cal. 281; *Dowling
v. Comerford,* 99 Cal. 204; Hayne on New Trial, sec. 265.)

J. W. Goodwin, for Respondent.

THE COURT.—The plaintiff, a resident taxpayer of the city
of Santa Rosa, brought this action against the following named
defendants: "The city of Santa Rosa as a municipal corpora-
tion, E. F. Woodward as mayor of said city, the common coun-
cil of said city as the legislative body thereof, F. Berka, C. N.
Collins, E. D. Harris, Thomas P. Keegan, George A. Tupper,
and J. S. Wilson, as members of and composing said common
council and the legislative body of said city of Santa Rosa, C.
L. Mobley as city clerk and auditor of said city, M. V. Van-

derhoof as treasurer of said city of Santa Rosa, Robert Effey, and Paul B. Perkins."

Judgment was entered in favor of the plaintiff and the city of Santa Rosa, in whose behalf he sued, and defendant C. L. Mobley; and this appeal is taken therefrom by defendants Woodward, Keegan, Collins, Berka, Wilson, and Vanderhoof from the whole of said judgment, except that portion thereof in favor of defendant Mobley. Mobley, Effey, and Perkins do not appeal. A separate appeal, No. 1599, is taken upon the same judgment-roll by "the city of Santa Rosa, a municipal corporation, and the common council of said city as the legislative body thereof," from the whole of said judgment, except that part in favor of Mobley. Both appeals are upon the same record, and may be disposed of in one opinion.

The record, though consisting of the judgment-roll alone, without any bill of exceptions, is very long. The amended complaint covers fifty-three pages, the demurrer to it twelve pages, the answer fifty pages, and the findings and conclusions of law sixty-nine pages. The facts involved are numerous and dependent, and cover a period of time extending from the spring of 1893 to the time of the trial in December, 1896, so that the utmost condensation will necessarily require much space.

The controversy has grown out of the issuance and disposal of bonds of the municipality for the purpose of constructing waterworks to furnish water for the use of the city and its inhabitants, the letting of a contract for the construction thereof, changes of plans, and other acts of the defendants connected with and forming part thereof, whereby the city, as the court finds, has sustained serious loss.

The judgment from which this appeal is taken is as follows:

"1. It is hereby ordered, adjudged, and decreed that the contract dated September 28, 1895, made by and between defendant, the city of Santa Rosa, a municipal corporation, party of the first part, and defendant Effey of the city of Santa Cruz, party of the second part, for the construction of a system of waterworks according to the plans and specifications of C. Monjeau, is hereby declared null and void, and of no effect; and defendant, the city of Santa Rosa, is hereby absolved of and from any and all obligations whatsoever to anyone under or by virtue of said contract.

"2. It is further ordered, adjudged, and decreed that the bonds provided for in ordinance No. 163, of the ordinances of defendant, the city of Santa Rosa, except the first series of said bonds, to wit, bonds Nos. 1 to 5 inclusive, were unlawfully disposed of by defendants, E. F. Woodward individually and as mayor of said city, F. Berka, C. N. Collins, E. D. Harris, Thomas P. Keegan, George A. Tupper, and J. S. Wilson individually and as members of and composing the common council and legislative body of defendant, the city of Santa Rosa, and M. V. Vanderhoof individually and as treasurer of said city of Santa Rosa, and Robert Effey, and contrary to the provisions of law regulating the mode and conditions for the disposal of such bonds, and in violation of the trust reposed in defendants Woodward, Berka, Collins, Harris, Keegan, Tupper, Wilson, Vanderhoof, Effey, and Paul B. Perkins, willfully, unlawfully and fraudulently disposed of the proceeds of said bonds, and that said defendants last named are adjudged to be liable for the payment to defendant, the city of Santa Rosa, of the value of said bonds at the time of their disposal, to wit, one hundred and sixty-five thousand seven hundred and one dollars and twenty-five cents.

"3. It is further ordered, adjudged, and decreed that the system of waterworks constructed by Paul B. Perkins in the city of Santa Rosa, consisting of pipe lines, reservoirs, pumping plants, and all other appliances connected therewith, be and they are hereby decreed to be the direct results of the disposal of said water bonds issued by the city of Santa Rosa under and by virtue of ordinance No. 163, and that, as such direct result, said waterworks constructed by said Paul B. Perkins should be, and they are hereby, decreed to be held and possessed by the defendants the mayor and common council of the city of Santa Rosa in trust for said city of Santa Rosa and the inhabitants and taxpayers thereof as if said works were a part of said water bonds, and that said defendants Robert Effey and Paul B. Perkins never had any lawful right, title, or interest in or to said waterworks or any part of parcel thereof.

"4. That an accounting shall be had by this court of the actual value of said system of waterworks, pipe lines, reservoirs, pumping station, et cetera, constructed by said Paul B. Perkins

in said city of Santa Rosa, and that after said actual value of said waterworks is ascertained as herein provided, that a judgment shall be entered to take effect as of the entry of this judgment against defendants E. F. Woodward, F. Berka, C. N. Collins, E. D. Harris, Thomas P. Keegan, George A. Tupper, J. S. Wilson, M. V. Vanderhoof individually and as treasurer of said city of Santa Rosa, Robert Effey, and Paul Perkins, jointly and severally, for the amount of money which shall be found to be the difference between the value of said bonds at the time of their disposal, to wit, one hundred and sixty-five thousand seven hundred and one dollars and twenty-five cents, and the ascertained value of said system of waterworks constructed by defendant Perkins.

"5. That said city of Santa Rosa shall have the option to take and retain as the property of said city said system of waterworks constructed by said Paul B. Perkins, at the value thus ascertained, provided that the defendants hereby made liable for the deficiency aforesaid consent thereto. That if such consent shall not be duly given and entered in this cause, then that said system of waterworks shall be sold by the sheriff of Sonoma county, acting as the commissioner of this court, to the highest and best bidder at public sale in the same manner as sales are made upon execution as provided by law; and the proceeds of such sale shall be paid to the treasurer of the city of Santa Rosa, and said city of Santa Rosa may, by its officers, become a purchaser at said sale, and if said city should become the purchaser of said system of waterworks, the purchase price to be paid by said city shall be credited upon the amount of the liability of defendants named in the fourth clause of this judgment to said city, to wit, one hundred and sixty-five thousand seven hundred and one dollars and twenty-five cents.

"6. That upon the filing of the consent and agreement of all of the defendants made liable for said deficiency as to the value of said system of waterworks, or upon the return of the sheriff of the results of said sale, judgment for the amount of the deficiency as provided in paragraph 4 hereof, and for the costs of plaintiff up to this time, hereby taxed at five hundred and thirty-seven dollars and forty cents, and for accruing costs hereafter incurred on behalf of defendant, the city of

Santa Rosa, or of plaintiff against said defendants, made liable for said deficiency, shall be entered against said defendants as herein provided.

"7. That defendant Mobley have and recover from plaintiff his, said Mobley's, costs, hereby taxed at $——."

As this appeal is taken from the judgment upon the judgment-roll without any bill of exceptions, it is necessarily admitted by appellants that no errors were committed in the admission or rejection of evidence, and that the evidence sustains and justifies the findings; and in this connection may be noticed appellants' contention that the judgment is not authorized by the pleadings, and that facts occurring after the commencement of the suit cannot be considered in the absence of a supplemental complaint. The failure of the plaintiff to file an amended or supplemental complaint might have been a ground for excluding evidence of transactions occurring after suit commenced, but whether it would or not need not be considered; for as was said in *Poledori v. Newman*, 116 Cal. 377: "Upon a direct appeal from the judgment upon the judgment-roll alone, it will be assumed in support of the judgment that all objections to evidence in support of the findings were waived. If objection to the introduction of any evidence had been made upon the ground that the defect to which it related was not alleged in the complaint, the court would have permitted the plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and, after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the pleadings." Besides, the answer of these appellants was filed more than seven months after this suit was commenced, and it was alleged therein that Perkins had nearly completed said waterworks, and for more than a month had been willing to turn the same over to the city; that the city should at once commence supplying the city with water and should not be interfered with in the exercise of their official duties, thus voluntarily presenting issues as to facts occurring after the suit was commenced; but for reasons above stated it is not necessary to consider to what extent these allegations would have constituted a reply to the objection that evidence offered by the plaintiff was outside of the issues.

It is also contended that the relief granted is not warranted by the prayer of the complaint.

It often happens that the relief which would be appropriate to the facts and circumstances known to the plaintiff at the time he files his complaint, or which existed at that time, is inadequate and unsuited to the conditions existing at the time of the trial, resulting from the conduct or agency of the defendant, and hence it is usual to add to the prayer for specific relief appropriate to the facts alleged in the complaint, the prayer for general relief, as was done in this case. All the appellants answered. Section 580 of the Code of Civil Procedure provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint, but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." The object of the suit, as disclosed by the complaint, was to cancel and have declared void the contract let to Effey for the construction of the waterworks, to prevent the construction of the works thereunder, and to have returned to the treasury the bonds issued by the city, and to prevent any disposal of them otherwise than for money to be paid into the treasury, to the intent that neither the bonds nor their proceeds should be used in payment of work and materials done and furnished under a void and fraudulent contract. So far as the judgment relates to the contract under which the work was performed, the judgment accords with the special prayer of the complaint. As to the bonds, it was alleged on information and belief that they were delivered to Effey September 28, 1895, but the court after finding the facts as to the disposal of the bonds, and the circumstances under which a deposit of one hundred and twenty thousand dollars was made for the benefit of the contractor in the Santa Rosa National Bank, concluded that the validity of the bonds in the hands of the present holders was not affected by the present action or by the conclusions of the court concerning the bid and contract for the construction of the works, and that as the works as constructed were the direct result of the disposal of the bonds, the defendants should be charged with the value of the bonds, and the city should hold the works as if they were a

part of said bonds, and upon an accounting that appellants be credited with their value. This, I think, is entirely consistent with the pleadings and the issues actually tried, and is the nearest possible approach to the specific prayer that the bonds be returned and held until lawfully disposed of and the proceeds placed in the treasury, and is consistent with the case made under the complaint and fully authorized by the prayer for general relief. Section 580 of the Code of Civil Procedure is but a concise statement of the rule observed upon this subject in courts of equity. For a construction as to what is consistent with the case made by the complaint, see *Hiern v. Mill*, 13 Ves. 114, and *Poledori v. Newman, supra*.

It is contended by appellants that no demand was made upon the mayor or council or anybody else for the return of the bonds, or that suit be brought.

The court found that a prior demand upon the municipal authorities to bring suit in the premises was, under the circumstances, not a necessary condition precedent to bringing the action. This is directly sustained by *Wickersham v. Crittenden*, 93 Cal. 17, and *Moyle v. Landers*, 83 Cal. 579. The facts alleged in the complaint sufficiently show that a demand to bring suit would have been useless; and if it were conceded that a demand should have been made for the return of the bonds it cannot avail the defendants as a ground for reversal of the judgment, since the answer disclosed that the bonds had been delivered to Effey and by him sold to Seligman & Co. in the city of New York, and said purchasers and the bonds were out of and beyond the jurisdiction of the court, and further alleged that the complete construction of the waterworks had been paid for out of the proceeds of such sale. It therefore appears that a demand for the return of the bonds would have been useless, and that appellants are not injured by the omission.

In this connection appellants further contend that "the powers of a taxpayer plaintiff are limited, and can be extended only to acts or threatened acts of ministerial officers." (Citing High on Injunctions, sec. 1243.) It is there laid down that equitable interference by injunction with legislative action by municipal bodies has given rise to some apparent conflict of authority, and is not wholly free from doubt; that purely legislative

action will not be enjoined. But the author further says: "And while courts of equity will not enjoin municipal bodies from the passage of ordinances or resolutions, yet after the passage of such ordinances or resolutions the courts may and will, on a proper case being shown, prevent their enforcement, and for this purpose may enjoin proceedings thereunder which would otherwise result in irreparable injury." The cases of *Merriam v. Board of Supervisors,* 72 Cal. 517, and *Linden v. Case,* 46 Cal. 171, cited by appellants, do not support their contention.

The defendants, except Effey and Perkins, are sued as officers of a municipal corporation, and are so described in the title of the cause, and are not referred to "as individuals," and are formally alleged in the complaint to be such officers; and all the acts complained of as having been done or performed by them were alleged to have been done and performed in the exercise, or pretended or assumed exercise, of official powers and duties, and the judgment fixes upon them, as individuals, a large pecuniary liability to the city of Santa Rosa, the amount to be determined by future proceedings, and gives judgment against them in favor of the plaintiff for costs.

Appellants contend that: "If one is made a defendant in an official capacity, the judgment will not bind him personally." (Citing Freeman on Judgments, sec. 156, p. 285.) The learned author is there treating of the effect of a judgment against a defendant, in an official capacity, as an estoppel against the same person when suing as plaintiff in a different capacity in relation to property rights, or title to property, and not, as here, where the misconduct of an officer, or one holding an official position, or acting in other than a personal or individual capacity, creates thereby a personal liability. Here the defendants were in fact officers of the municipality, and their several acts complained of were done and performed under color of this official authority, yet, having exceeded their powers as such officers, as charged in the complaint, whereby the municipality has wrongfully suffered loss, the recovery must be against them as individuals. But their several violation of official powers and duties could not be shown without showing their several official positions; and, besides, relief was also sought against them in their official capacities. They were therefore properly

sued as officers, the judgment showing the character in which they were liable, and, so far as the character of the relief given by the judgment requires it, the official designation of the several defendants given in the complaint will be regarded as *descriptio personarum*. (*Stillman v. Squire*, 1 Denio, 329; *Litchfield v. Flint*, 104 N. Y. 543.) In *Scott v. Alexander*, 23 S. C. 126, it was held that the fact that defendants were sued in their official capacity as aldermen did not protect them from personal liability for costs. In *Evans v. Evans*, 23 N. J. Eq. 72, the complainant was not styled executor in the commencement of the bill, nor were the defendants styled as executors in the prayer for process; but the bill, in its premises, fully stated the facts and correctly described the character and relation of the parties. It was objected that the bill should have been filed by the complainant as executor against the defendants as executors. The chancellor said: "Proceedings in equity are conducted with less regard to mere matters of form and technical objections than proceedings at law. When a bill, in its body, sets forth facts which give the complainant a right as executor, or make the defendant liable as such, so that the court, upon these allegations, can give the relief required, it is mere form, and useless form, to require that each party should be so styled in the commencement or conclusion of the bill." (See, also, *White v. Davis*, 48 N. J. Eq. 22; *Ransom v. Geer*, 30 N. J. Eq. 249.) *Baldwin v. Ellis*, 68 Cal. 495, was an action to recover taxes illegally collected. In the second cause of action the defendant was not sued as an officer, and a demurrer upon that ground was sustained. (See, also, *Blair v. Langtry*, 21 Neb. 247; *Nowell v. Wright*, 3 Allen, 166; 80 Am. Dec. 62.) In *Amy v. Barkholder*, 11 Wall. 136, it was said: "The rule is well settled that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. There is an unbroken current of authorities to this effect"; and this, it was said, was a common-law liability, and is therefore not confined, as appellants seem to suppose, to those cases where the liability is imposed by statute.

It is further contended that the plaintiff is not the real party in interest, but that the action is prosecuted in the interest of the Santa Rosa Water Works, a private corporation then supplying the city with water, and that this action is one of a series instituted to hinder and delay the construction of waterworks by the city; and that these allegations are not found to be untrue.

The court found that one Jones, a taxpayer of said city, commenced an action in 1894 against the city, and which is still pending, to prevent the city from entering into a contract with Effey upon the ground that his bid was not lawful, in which case the court, on February 26, 1895, gave an opinion, upon demurrer, that any contract made by the city with Effey upon said bid would be void. It does not appear that the defendants offered or gave any evidence tending to support said allegation that plaintiff is not the real party in interest; but whether they did or not, the issue was immaterial. It is not disputed that the plaintiff is a resident and taxpayer, and therefore qualified to bring the suit. In *Mazet v. Pittsburgh*, 137 Pa. St. 548, it was held, in effect, that if the plaintiff is not a mere volunteer, but has a direct and substantial interest in the controversy, being one who is liable to be taxed, in common with the general public, for the work contracted for, his ulterior motives will not disqualify him. (See, also, *Times Pub. Co. v. Everett*, 9 Wash. 518; 43 Am. St. Rep. 865.)

It is also contended that J. & W. Seligman & Co. are necessary parties.

Under the allegations of the complaint they were certainly proper parties, but it was alleged that they were in the state of New York, and as they were beyond the jurisdiction of the court they were not indispensable parties. The answer, however, alleges that the bonds were sold to them, and no fact is alleged either in the complaint or answer that would affect their title to the bonds if they had been parties. This is, therefore, not a ground for the reversal of the judgment.

It is further contended that "the answer of Perkins being struck out by the court without authority of law, and the judgment, therefore, being void as to him, is void as to all the defendants against whom said judgment was jointly given with

him." Whether the answer of defendant Perkins was stricken out without authority of law, or whether the judgment against him exceeded the relief prayed for, would seem to be immaterial. He answered separately, has not appealed, and is not complaining; and we fail to see how these appellants are injured by Perkins being joined with them in a joint and several judgment which they say entitles them to contribution from him. Conceding, for the purposes of the argument, that no judgment could properly be rendered against him outside of the prayer of the complaint, it does not follow that the judgment against these appellants whose answer was not stricken out was in any way affected.

It is also said that no loss is alleged to have accrued to the city by the change of plans made by Effey.

The allegations in the complaint were made in reference to the invalidity of the contract, and for the purpose of preventing its performance; but when the answer was filed, which was more than seven months after the suit was begun, the situation had changed, and it was alleged therein that the waterworks were substantially completed; that about six hundred connections had been made with the mains thereof, and that water was then generally being used therefrom; and it was denied that any of the acts done by defendants subsequent to July, 1894, relating to the sale of said bonds or the letting of the contract, were had or done for the purpose of preventing competition, or in the furtherance of any plan to exchange the bonds for said works, and that the mayor and common council should not be interfered with in taking possession of said works.

These allegations opened the door to an investigation of the change of plans, and the findings show many material changes resulting in loss to the city and gain to the contractor, who had been paid in full for his work before it began. Not only so, but the complaint set out in full the contract made with Effey under which the work was done, and which provided that changes might be made by the city authorities; that if the cost of the work was thereby increased, the contractor should be paid the additional cost, and, if diminished, the amount thereof should be deducted from the contract price, the amount of the increase or diminution to be agreed upon in writing in advance.

The complaint also set out several resolutions passed by the council after said contract was made changing the said plans and specifications in several material particulars, and it does not appear that any agreement as to the increased or diminished cost thereof was made.

The defendants moved to strike out parts of the complaint and to make the complaint more definite and certain, and the motion was denied, and to the order denying the motion the defendants, and each of them, excepted.

Neither the motion nor the ruling thereon is any part of the judgment-roll (Code Civ. Proc., sec. 670), and cannot be reviewed on appeal from the judgment in the absence of a bill of exceptions. (*Spinetti v. Brignardello*, 53 Cal. 283; *Sichler v. Look*, 93 Cal. 607.)

Defendants also demurred to the amended complaint, all joining therein, upon many grounds, the general demurrer for want of facts being interposed as to all and to each of the defendants separately. The other grounds were for misjoinder of parties defendant, in that Mobley and Vanderhoof are unnecessary parties because no cause of action is alleged against them; and similar grounds are alleged as to the improper joinder of other parties with certain other defendants; that the complaint does not show a joint cause of action against the defendants, and that defendants are not jointly interested in the several causes of action alleged, and that there is a defect of parties in that Seligman & Co. are necessary parties.

It is urged that some of the defendants have no interest in that part of the relief sought relating to the return of the bonds to the treasury, while others have no interest in the other part of the relief prayed for asking that the contract letting the construction to Effey be annulled or declared void. The municipal corporation known as the city of Santa Rosa, on whose behalf this action is prosecuted, had one object in view, viz., the construction of waterworks. The issuance and sale of the bonds, the adoption of plans and specifications for construction, the several steps leading up to and including the execution of the contract and the work done under it, were but the constituent parts of one entire thing, and all the defendants were connected with the proceedings.

There was no misjoinder of defendants or statement of different causes of action in this equitable suit prosecuted by the plaintiff for and on behalf of the municipality, and that adequate relief required the presence of all against whom judgment was rendered. The general demurrer should have been sustained as to defendant Mobley; but judgment was rendered in his favor for costs; he has not appealed, and appellants are not injured. The question whether demurrer or motion is the proper remedy, where two or more causes of action are alleged but not separately stated, need not be considered in view of our conclusion above stated, though appellants seem unable to distinguish between omitting to state separately causes of action that are of the same class and may be united, and uniting in the same complaint, whether separately stated or not, causes of action of different classes which the code declares may not be done.

It is further contended that the court has failed to find upon many of the issues. Many, and indeed much the greater number, of findings are of probative facts, and the alleged failures to make findings relate to these. Some of the findings are of facts occurring after the commencement of the action, and are referred to by appellants as "findings outside of the issues." These findings of probative facts seem to have been made in support of the findings of ultimate facts, and many that were made might have been omitted. Some issues tendered by the answer, it is true, were not passed upon, as, for example, the character of the water furnished by the corporation known as the Santa Rosa Water Works, and the insufficiency of that system as a fire protection, but such issues were immaterial. We are not, however, pointed to any failure to find upon any issue or question of fact which, if found upon favorably to appellants, would have changed the result, nor have we discovered any. The controlling findings of ultimate facts are, in substance, that the contract, under which the waterworks were assumed to be constructed, was void; that the construction of said works was paid for out of the proceeds of a sale of the bonds which was presumptively valid, and that the value of the works as constructed was much less than the value of the bonds, or the amount paid Effey under said void contract, and,

as a conclusion of law, that the defendants, except Mobley, are liable for the difference between the value of the works as constructed and the sum paid to Effey.

Some additional points made on the appeal taken by the city remain to be noticed. The brief filed in its behalf presents and discusses elaborately the questions discussed by the other appellants, and these have been noticed so far as space permits and their importance seems to require.

It is contended that a taxpayer cannot bring an action for the benefit of the city, or one in which the city is a party, without the consent of the city attorney, unless some valid excuse is alleged and proved for not having requested him to bring it, and cites section 21 of the charter of said city. (Stats. 1875-76, p. 262.) This section, so far as material here, provides: "It shall be the duty of the city attorney to advise the officers and authorities of the city in all legal matters pertaining to the business of the city; to prosecute all violations of the city ordinances, or noncompliance therewith, and shall represent the city in all suits in which the city may be a party." He is given "power" to sign informations and charges against persons for violating city ordinances and to collect delinquent taxes.

This section gives him no authority upon his own motion to commence suits for the city in other matters. He may advise, but he cannot control the action of the city in relation to bringing suits other than those specially provided for in said section. He is but an agent of the city, with no power to compel his principal to act. There is, therefore, no merit in this contention.

The appeal by the city from a judgment in its favor based upon the contention that the judgment is wrong, that no judgment should have been rendered in its favor, seems upon its face somewhat peculiar. There is, however, one ground upon which the city might properly seek a modification of the judgment. It is said by the city in its brief: "If the court adjudged those officers liable to the city for the proceeds of the bonds and gave the city execution therefor, the municipality could have no objection. But when the property of the city is directed to be sold to pay the debts of these alleged wrongdoers, the city has a right to object and does object most strenuously to any such proceeding."

There are certainly difficulties, together with possible injustice, in the way of a proper and just accounting and ascertainment of the value of the works in the mode expressed in paragraph 5 of the judgment. In paragraph 3 it is decreed that the waterworks constructed by Perkins be held and possessed by the defendants, the mayor and common council, in trust for the city as if said works were a part of the water bonds, and that Effey and Perkins never had any lawful right to said works. Paragraph 4 provides that an accounting shall be had of the actual value of said system of waterworks, pipe lines, et cetera, constructed by Perkins, and that said value be deducted from the value of the bonds, one hundred and sixty-five thousand seven hundred and one dollars and twenty-five cents, and judgment entered against the defendants therein named for the difference. To this we see no objection. But paragraph 5 provides that the city shall have the option to take and retain said works as the property of the city, provided the defendants made liable for the deficiency consent thereto, and if such consent be not given that the "system of waterworks shall be sold by the sheriff to the highest bidder and the proceeds of the sale paid into the city treasury and credited upon the liability of the defendants liable for the value of the bonds."

We see no difficulty in ascertaining the value of the works constructed by Perkins, and no reason why the defendants who are decreed to be held liable for the value of the bonds should have the privilege of refusing to consent to the value so ascertained, and thus compel a sale of "said system of waterworks" which already belong to the city and not to the other defendants. But if a sale is to be had, what is to be sold? The water supply, the real estate upon which the works are erected or constructed, and the right of way belong to the municipality, and were not paid for by Perkins. If the whole system, including the water supply and real estate, be sold, the defendants held liable should not have the benefit of the additional value thereof, and, besides, the municipality would be wholly deprived of that for which the people voted and for which the bonds were issued if an individual or private corporation should become the purchaser. The judgment should be modified so as to avoid the possibility of such a result.

The judgment is modified: 1. By striking out the fifth paragraph of said judgment; 2. By striking out all the first part of paragraph 6 down to and including the word "sale" in the fifth line of the said paragraph as printed in the transcript on page 261, and inserting in lieu thereof the following: "That upon the value of the work and material done and furnished by said Perkins in the construction of said waterworks being ascertained by the court"; and as thus modified the judgment is affirmed, with costs against all the appellants in the appeal numbered 1597, and without costs to either party in No. 1599.

Beatty, C. J., and Temple, J., did not participate in the foregoing decision.

Rehearing denied.