BOWLES v. NEELY, *Mayor, et al.*

No. 2258.   Opinion Filed April 14, 1911.

(115 Pac. 344.)

1.   **MUNICIPAL CORPORATIONS—Public Improvements—Contracts —Validity.** A contract let by the mayor and city council for a municipal filtration plant, pursuant to Snyder's Stats. of Okla. sec. 702, but in excess of the estimate of cost submitted with the plans and specifications of the city engineer, is void.

2.   **SAME—Taxpayer—Right to Equitable Relief.** A resident taxpayer of such municipality may invoke the interposition of a court of equity to prevent the illegal disposition of the moneys of the municipality in payment of work done pursuant to said contract.

3.   **SAME—Adequate Remedy at Law.** The remedy afforded by Snyder's Stats. of Okla. secs. 704, 7413, and 7414, is not an adequate remedy at law in the sense that it will oust a court of equity of its inherent jurisdiction to restrain an unlawful expenditure of the moneys of a municipality at the suit of a resident taxpayer, but is cumulative thereto.

4.   **ACTION—Nature and Form—"Cumulative Remedy.".** A "cumulative remedy" is a remedy created by statute in addition to one which still remains in force; and, when a statute gives a new remedy, and contains no negative, express or implied, of the old remedy, the new one provided is cumulative, and the party may elect between the two.

(Syllabus by the Court.)

*Error from District Court, Bryan County; Jas. R. Armstrong, Judge.*

Action by R. P. Bowles against A. Neely, Mayor of the City of Durant, and others. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

*McPherren & Abbott,* for plaintiff in error.

*J. V. Connell & W. E. Utterback,* for defendant in error.

TURNER, C. J.   On December 8, 1910, R. P. Bowles filed his petition in the district court of Bryan county, and therein substantially states that he is a resident taxpayer of the city of Durant; that defendant A. Neely is the mayor, A. C. Etheridge,

president of the city council, C. C. Frost, John Kittrell, T. J. Perkins, J. H. Newman, V. C. Phillips, O. L. Shannon, and V. B. Hayes, members thereof, M. A. Waits, treasurer, W. S. Shannon, city clerk, and the Southwestern Engineering Company, engineers of said city; that on July 11, 1910, said mayor and city council, having determined it to be necessary as an addition to the water works system of said city, employed said engineering company to submit plans and specifications for the erection of a filtration plant; that on August 17, 1910, the same were accordingly submitted and adopted by the city council, which directed the city clerk to advertise for bids for labor and materials to be furnished in the construction thereof and which was by the clerk accordingly done; that on September 7, 1910, said company so employed prepared and filed with said city clerk an estimate showing the cost of said filtration plant complete and erected and that the same should not exceed $15,500; that on September 9, 1910, bids for the construction thereof were opened by said mayor and city council as follows: Briggs Weaver Machinery Company, plus excavation at 35 cents per yard, $14,800; Daugherty Construction Company, filter building and clear well, $16,000; George Erichinson, Ardmore, filter plant complete, $25,894; Robertson Filter Company, Philadelphia, filter plant complete, $18,140; Collins Bros., Dallas, Tex., $23,121—that the cost of the excavations necessary to construct said plant as per plans and specifications of said engineering company adopted by the council were estimated by said company not to exceed 35 cents per yard for 3,000 yards, or $350; that said bid of the Briggs Weaver Machinery Company of $14,800, including said excavation and totaling $15,150, was the lowest and best bid for the work and within the estimate of said engineers, and that said bid of the Robertson Filter Company was not the lowest and best bid therefor; that on September 21, 1910, said city council, through said mayor and city clerk, entered into a contract with said Robertson Filter Company for the construction of a filtration plant according to plans and specifications submitted with the bid of said company, which said contract is filed

as an exhibit; that said filtration plant is not according to the requirements and plans and specifications furnished by said engineering company and adopted by the city council and upon which said bids were based (stating wherein) and hence there was no competition between said bidders for the construction of said plant; that prior to the execution of said contract said city council, pursuant to section 702 of the Compiled Laws of Oklahoma, 1909, had the city engineer prepare an estimate of the cost of the erection of said filtration plant, and that the price named in said contract exceeds such estimate $2,640, and is void under said section; that he is without adequate remedy at law; that the defendant engineering company will, pursuant to said contract, prepare and submit to said mayor and city council estimates of the work done by said Robertson Filter Company under said contract, which will be approved and warrants drawn against the public funds of said city in payment therefor and paid by defendant Waits as treasurer of said city out of said funds without authority of law, and prays for an order restraining defendants from in any manner preparing, accepting, or filing estimates of said work done by said company under said contract, and from drawing or paying any warrants for such work out of any funds belonging to said city, and for costs. From a judgment of said court rendered and entered December 16, 1910, sustaining a demurrer to said petition and dismissing his cause, plaintiff brings the case here, and assigns that the court erred in sustaining said demurrer.

As it seems to be conceded, and we think properly, that the contract set forth in the petition is void for the reason that it exceeds the estimate of costs submitted with the plans and specifications of the city engineer (*Morrow v. Barber Asphalt, etc., Paving Co.,* 27 Okla. 247, 111 Pac. 198; Snyder's Stats. of Okla. § 792), for that reason plaintiff as a resident taxpayer has a right to maintain this suit, the object of which is to prevent an illegal disposition of the moneys of the city (*Hannan v. Board, etc.,* 25 Okla. 372, 107 Pac. 646), and hence the court erred in sustain-

ing the demurrer, unless, as is contended, the petition discloses that plaintiff had a plain, adequate, and complete remedy at law to recover from defendants and the filter company any moneys of the city which might be unlawfully appropriated or received in payment for work done pursuant to said contract, afforded by Snyder's Laws Oklahoma, which reads:

"Sec. 704. The members of any city council, who shall vote to appropriate money or to allow any bill or claims, not authorized by law, shall be personally liable to said city for the amount of such money appropriated, or bills or claims allowed, with costs of suit, in an action before any court, having competent jurisdiction.

"Sec. 7413. That every officer of any ——— city ——— who shall hereafter order or direct the payment of any money ——— belonging to such city ——— in settlement of any claim known to such officers to be ——— void, or in pursuance of any ——— unlawful ——— contract ——— made or attempted to be made, for any such ——— city ——— by any officer or officers thereof, and every person, having notice of the facts, with whom such ——— unlawful -——— contract shall have been made, or to whom ——— such money shall hereafter be paid ——— shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the ——— city ——— affected for double the amount of all such sums of money so paid ——— as a penalty, to be recovered at the suit of the proper officers of such -——— city ——— or of any resident taxpayer thereof, as hereinafter provided.

"Sec. 7414. That upon the refusal, failure or neglect of the proper officers of any ——— city ——— after written demand made upon them by ten resident taxpayers of such ——— city ——— to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money ——— belonging to such ——— city ——— paid out ——— by any officer thereon in pursuance of any ——— unlawful ——— or void contract, made, or attempted to be made by any of its officers for any such ——— city ——— or for the penalty, provided in section two this act (7413), any resident taxpayer of such ——— city ——— affected by such payment ——— after serving the notice aforesaid and after giving security for cost, may in the name of the state of Oklahoma as plaintiff, institute and maintain any proper

action at law or in equity which the proper officers of the ———
city ——— might institute and maintain for the recovery of
such property, or for said penalty and any such municipality shall
in such event be made defendant, and one-half the amount of
money and one-half the value of the property recovered in any
action maintained at the expense of a resident taxpayer under
this section, shall be paid ———."

In support of the contention that these sections furnished
such a remedy, and that plaintiff should have waited until the
unlawful expenditure of the city's moneys had actually been made
to the Filter Company and then sought to recover it back, de-
fendants cite, among other cases, *Merriam v. Board, etc.,* 72
Cal. 519, 14 Pac. 137, and *Winn v. Shaw,* 25 Pac. 244. But
the court in the latter case (*Winn v. Shaw,* 25 Pac. 968, 87 Cal.
631) on rehearing, overruled those cases, and said:

"The appellant contends that a taxpayer cannot maintain an
action in this class of cases, and as authority for this position,
refers to the cases of *Linded v. Case,* 46 Cal. 174, *McCoy v. Briant,*
53 Cal. 249, and *Merriam v. Supervisors,* 72 Cal. 519, 14 Pac. 137.
While there is some general language in each of these cases which
lends support to the contention of the appellant on this point, still
they are on the facts distinguishable from this, as in neither of
them did it appear that the remedy of injunction was necessary
in order to keep the county money from being illegally drawn
from the treasury. But, be that as it may, we are of opinion that
a taxpayer of a county has such an interest in the proper applica-
tion of funds belonging to the county that he may maintain an
action to prevent their withdrawal from the treasury in payment
or satisfaction of demands which have no validity against the
county. The weight of authority seems to be in harmony with
this view. *Crampton v. Zabriskie,* 101 U. S. 601 [25 L. Ed.
1070]; 2 Dill. Mun. Corp. (4th Ed.) §§ 914, 922. In *Foster
v. Coleman,* 10 Cal. 279, the right of the taxpayer to maintain
such an action seems to have been assumed; and in the later case
of *Shakespear v. Smith,* 77 Cal. 638, 20 Pac. 294 [11 Am. St. Rep.
327], it was held that a taxpayer of a school district could com-
pel the cancellation of an illegal warrant drawn upon the superin-
tendent of streets, and that such officer could, in the same action,

be restrained from drawing a requisition on the county auditor, as directed by such illegal order."

We are therefore of opinion, if the court in sustaining the demurrer intended to hold that the remedy afforded by the sections, *supra,* was more than cumulative and ousted a court of equity of its inherent jurisdiction to restrain the unlawful expenditure of the moneys of a municipality at the suit of a resident taxpayer, that the court erred. *Love v. Cavett,* 26 Okla. 179, 109 Pac. 553.

As to this character of remedy, the twenty-sixth section of the syllabus in *C. & N. W. Ry. Co. v. City of Chicago,* 148 Ill. 141, 35 N. E. 881, says:

"A cumulative remedy is a remedy created by statute in addition to one which still remains in force; and when a statute gives a new remedy, and contains no negative, express or implied, of the old remedy, the new one provided is cumulative, and the party may elect between the two."

We are therefore of opinion that a remedy the pursuit of which might give a foreign corporation the opportunity of receiving payment for work done on a void contract and then escape ultimate liability on a suit to recover it back by removing from the state, or enable a domestic corporation to baffle the pursuing taxpayer litigating at his own expense, by the law's delay and possible bankruptcy, to defeat its recovery pursuant to said section, is not plain, adequate, and complete.

It is next contended that as there is no showing in the petition that anything had been done under the contract or any effort made by plaintiff to set it aside, or that if a bill had been presented for estimated work done thereunder the same would have been approved and ordered paid, the petition fails to state facts sufficient to constitute a cause of action, in that it fails to show a threatened irreparable injury. While it is true, as contended, that a temporary injunction should never be granted because of a mere apprehension of the petitioner that an injury may be done (*Hodgins v. Hodgins,* 23 Okla. 625, 103 Pac. 711), we are of opinion

that when the petition stated, as it does, the letting of the contract to the Filter Company more than two months prior thereto, and that, "unless restrained by court, the Southwestern Engineering Company will prepare for submission to the mayor and city council estimates of work done and performed by the Robertson Filter Manufacturing Company, under and by virtue of the said contract, and, that unless restrained by the court, the said mayor and city council will allow and order paid claims preferred by the said Robertson Filter Manufacturing Company for work done under and by virtue of said contract, and that, unless restrained, the mayor and city clerk will draw warrants for the disbursement of the public funds of the city of Durant for such work so performed, and that M. A. Waits, as treasurer of the city of Durant, will pay the said warrants out of the said funds belonging to the city of Durant, and that thereby public moneys will be expended without authority of law, that the plaintiff, as a taxpayer of the city of Durant, will thereby be damaged, and that plaintiff has no adequate remedy at law"—it may fairly be inferred that the filter company had entered upon the discharge of its duties under said contract, had partially performed the same, and was preparing to and would secure payment therefor out of the moneys of the city according to its terms, unless restrained, and that an irreparable injury was not only apprehended but actually threatened and impending.

No laches being disclosed on the face of the petition, and there being nothing in the remaining contentions urged in support of the demurrer, we are of opinion that the court erred in sustaining it, and for that reason the cause is reversed and remanded to be proceeded with in accordance herewith.

DUNN, HAYES, and KANE, JJ., concur; WILLIAMS. J., not participating.