[Civ. No. 11911. Third Dist. Dec. 30, 1969.]

JAMES R. McCAFFERTY, Plaintiff and Appellant, v.
BOARD OF SUPERVISORS OF PLACER COUNTY et al.,
Defendants and Respondents.

## COUNSEL

Joseph Q. Joynt for Plaintiff and Appellant.

Richard V. Smith, County Counsel, L. J. Dewald and Reginald Littrell, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**FRIEDMAN, J.**—This mandate proceeding embodies a dispute over the expenditure of Placer County revenue from a hotel and motel room tax. Petitioner, representing himself and other motel operators in the Lake Tahoe area of the county, seeks to have the county earmark and spend a substantial part of the revenue for promoting and advertising the Lake Tahoe area, in conformity with a "preamble" attached to a room tax ordinance. The superior court rejected petitioner's contentions and denied relief. He appeals.

Placer County's board of supervisors adopted the room tax ordinance at a meeting in December 1964. The tax was to become operative April 1, 1965. As proposed, the ordinance had no provision for funding or disposition of the income. In the course of debate over enactment, the supervisors adopted an amendment adding a preamble to the ordinance. In a general way the preamble declares a supervisorial intent to spend a substantial part of the revenue in the area from which the tax is derived.[1]

---

[1]The full preamble declares: "It is the intent of this Board in adopting the Uniform Transient Occupancy Tax Ordinance that the proceeds derived from this tax will be

Petitioner points to evidence that 90.8 percent of the room tax revenue is drawn from a portion of the county east of Donner Summit and generally called "the Tahoe area." In August 1965 representatives of the Tahoe area requested the board to apply the room tax revenue to meet half the budget of the Placer County Chamber of Commerce and to devote $174,-460 to defray the proposed operating budget of a private organization, the North Lake Tahoe Chamber of Commerce.[2] The board rejected this request and the present lawsuit was then instituted.

■ The trial court held the preamble to be a nullity. Petitioner contends that it represented a compromise to get the ordinance passed and forms an integral, binding portion of the ordinance. In effect, petitioner's case is bottomed upon the proposition that the preamble has the status of a continuing appropriation of the county's room tax revenue. The proposition is unsound, because such a continuing appropriation would exceed the power of the board of supervisors. Even as an integral part of the taxing ordinance, the preamble would be invalid.

The State Constitution directs the Legislature to adopt general laws vesting in counties the power to assess and levy taxes for county purposes. (Cal. Const., art. XI, § 12.) ■ Placer County is a "general law" or non-chartered county. Its board of supervisors may exercise only those powers expressly or impliedly granted to it by the Constitution or statute. (Gov. Code, § 23003; *County of Modoc* v. *Spencer,* 103 Cal. 498, 499 [37 P. 483]; *Byers* v. *Board of Supervisors,* 262 Cal.App.2d 148, 157 [68 Cal.Rptr. 549].) The board's authority to levy the hotel room tax was drawn from Government Code section 51030, which declares: "The legislative body of any city or county may levy a tax on the privilege of occupying a room or rooms in a hotel, inn, tourist home or house, motel or other lodging unless such occupancy is for any period of more than 30 days. Such tax when levied by the legislative body of a county shall apply only to the unincorporated areas of the county."

■ Section 51030 "simply enables counties and cities which derive their powers from general law, to impose a transient room tax." (*Atlas Hotels,*

applied to defray fifty per cent (50%) of the budget of the Placer County Chamber of Commerce and the balance of the proceeds will be applied for the benefit of that area from which the tax is derived. The Board of Directors of the Placer County Chamber of Commerce who represent that area from which the tax is derived shall recommend to the Board of Supervisors for approval the method and purpose which the tax proceeds will be applied."

[2] Government Code sections 26104-26106 authorize a county to establish a county chamber of commerce, consisting of persons appointed by the supervisors, to advertise the resources of the county. The Placer County Chamber of Commerce is such a statutory body. The North Lake Tahoe Chamber of Commerce, in contrast, is an organization of private persons.

*Inc.* v. *Acker,* 230 Cal.App.2d 658, 665 [41 Cal.Rptr. 231]; see also, *Myers* v. *City Council of Pismo Beach,* 241 Cal.App.2d 237, 240-241 [50 Cal.Rptr. 402].) It says nothing of funding, appropriations or objectives of expenditure.

The board of supervisors of a general law county must adopt a fiscal year budget, containing its estimates of annual revenue and establishing appropriations covering the year's proposed expenditures. (Gov. Code, §§ 29000-29092.) The board establishes the amounts to be raised through property taxation by subtracting from the budget's total appropriations the combined sum of available fund balances plus estimated revenues from other sources (for example, revenue from excise taxes such as the hotel room tax). (Gov. Code, § 29100.) The annual budget constitutes a set of appropriations to finance the various activities of the county. (Gov. Code, §§ 29092, 29011.) Except for narrowly limited, statutory contingencies, the county may not make expenditures or incur liabilities exceeding the amounts appropriated in the annual budget. (Gov. Code, §§ 29120-29122; see Gov. Code, § 29127; *County of Los Angeles* v. *Payne,* 8 Cal.2d 563, 570 [66 P.2d 658]; 15 Ops.Cal.Atty.Gen. 259, 262-263.)

Viewed as an operative ordinance, the preamble would form a continuing appropriation of county revenue outside the annual budget, thus offending the state law's directions for county fiscal operation. Mandamus lies to compel performance of a duty imposed by law. (Code Civ. Proc., § 1085.) The preamble has no legal effect and, specifically, no force as an extrabudgetary appropriation of one species of county revenue. The trial court correctly denied relief.

In holding the preamble invalid, the trial court noted that the room tax ordinance contains a severability clause of the standard sort, then concluded that invalidity of the preamble did not affect the remainder of the ordinance. On appeal, the parties have not debated the trial court's severability holding.[3] ██ Although not conclusive, a severability clause normally calls for sustaining the valid part of the enactment, especially when the invalid part is mechanically severable. (*In re Blaney,* 30 Cal.2d 643, 655 [184 P.2d 892].) We agree with the trial court that invalidity of the preamble does not affect the remainder of the room tax ordinance.

[3]Petitioner makes a vigorous *ad hominem* argument, urging that the preamble represented a compromise solution to a supervisorial impasse, which would otherwise have defeated the proposed tax. Somewhat to the contrary, the evidence shows that the preamble was proposed by a board member representing the Lake Tahoe area; that the county counsel orally advised the board that the preamble had no binding effect; that the ordinance, including the preamble, was then adopted by a 3 to 2 vote, with the supervisor who had offered the preamble casting one of the negative votes. Months later the board rejected attempts to invoke the preamble.

The briefs debate the effect of Government Code section 26100, which authorizes a county to levy a special, county-wide, *ad valorem* tax, not exceeding 4¢ per $100 of assessed valuation, for county advertising and promotion. Placer County has not levied such a tax. Both section 51030 (the room tax enabling statute) and the valid portions of the Placer County ordinance are silent as to disposition of the room tax revenue. The county contends that even as to such revenue, the limitation on *ad valorem* taxation establishes a ceiling upon county expenditures for advertising and promotion, citing 28 Ops.Cal.Atty.Gen. 326 and 51 Ops.Cal.Atty. Gen. 76. The point does not affect the outcome of this action. Absent a valid provision of law earmarking the room tax revenue for the purpose sought by petitioner, he must lose this suit.

Judgment affirmed.

Pierce, P. J., and Janes, J., concurred.