[No. D019284. Fourth Dist., Div. One. Nov. 16, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
MARLO DEAN TERRY, Defendant and Appellant.

[Opinion certified for partial publication.[1]]

—————
[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Joan T. Anyon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**FROEHLICH, J.**—The issue we deem important in this case is whether a deputy district attorney should be subject to challenge for cause, preventing him from serving on a jury, because of implied bias under Code of Civil

Procedure[2] section 229, when the case is being prosecuted by the same district attorney's office which is his employer. We conclude that this constitutes grounds for challenge for cause and that the court erred in denying the challenge. We find the error not prejudicial, however, because the defendant removed the juror by use of a peremptory challenge, and thereafter did not demonstrate exhaustion of possible additional peremptory challenges. We therefore will affirm the judgment.

Defendant's appeal does not challenge adequacy of the evidence or assert any error in the trial proceedings. The two contentions on appeal relate to alleged error in the course of jury selection.[3] There is no need, therefore, to relate the facts or proceedings of the case other than those having to do with jury selection. Suffice it to say that the jury found defendant guilty of felony drug possession charges and he was sentenced to a term in prison.

I. *Denial of Questions re Credibility of Police Officers**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Denial of Challenge for Cause*

 One member of the jury panel, seated for prospective service, was Brock Arstill. Mr. Arstill was then employed as a deputy district attorney in the district attorney's office for San Diego County—the same office that was representing the prosecution of the case. The challenge was based on section 229, subdivision (b), which states in part that a challenge for implied bias may be taken for "having stood within one year previous to the filing of the complaint in the action in the relation of attorney and client with either party or with the attorney for either party." The court denied the challenge, admitting that while the judge seldom sees a deputy district attorney in the jury box, this candidate's answers to voir dire questions demonstrated that he could be impartial. The court stated that the cited code section did not apply because "the People are a party, the district attorney is not a party."

Defendant argues that the party plaintiff in all criminal cases is the "People," that Mr. Arstill has within the last year represented the "People," and therefore that the preclusion of the code section is clear. We cannot buy

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[3]At the time of filing of this appeal there was question as to the propriety of CALJIC No. 2.90, the standard instruction on reasonable doubt, and the defendant included this as a ground of appeal. This issue was resolved by *Victor* v. *Nebraska* (1994) 511 U.S. __ [127 L.Ed.2d 583, 590-599, 114 S.Ct. 1239, 1242-1250] and we do not further address it in our current opinions.

*See footnote 1, *ante*, page 97.

this argument. On a practical level, were we to accept it, the result would be preclusion from criminal jury service of all members of any of the state's prosecutorial organizations (all offices of the district attorney and the attorney general). Beyond practicality, however, there is logic for a conclusion refusing classification of the "People" as a "client" of the district attorney.

█ Prosecution of criminal actions in the name of the "People" does not necessarily constitute the "People" as a client of the district attorney. A client is "[a] person who employs or retains an attorney, or counsellor, to appear for him in courts, advise, assist, and defend him in legal proceedings, and to act for him in any legal business." (Black's Law Dict. (6th ed. 1990) p. 254, col. 1.)

The "People" do not employ or retain the district attorney. The district attorney is constituted by statute to conduct all prosecutions on behalf of the state (Gov. Code, § 26500) and does so nominally in the name of the "People." (Pen. Code, § 684; *County of Modoc* v. *Spencer* (1894) 103 Cal. 498, 501 [37 P. 483].) District attorneys are not employees or mere agents, but public officers with public duties "delegated and entrusted to them, as agents, the performance of which [duties] is an exercise of a part of the governmental functions of the particular political unit for which they, as agents, are active." (*People* v. *Brophy* (1942) 49 Cal.App.2d 15, 28 [120 P.2d 946]; 27 Cal.Jur.3d (rev.) District and Municipal Attorneys, pt. 2, § 11, p. 446.) As our Supreme Court stated in *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161], "[t]he district attorney is not an 'attorney' who represents a 'client' as such. He is a public officer, under the direct supervision of the Attorney General . . . , who 'represents the sovereign power of the people of the state, by whose authority and in whose name all prosecutions must be conducted.' " (*Id.* at p. 122, quoting *Fleming* v. *Hance* (1908) 153 Cal. 162, 167 [94 P. 620].)

█ This conclusion, however, is not sufficient to sustain the trial court's determination to deny the challenge. One's immediate reaction to the situation is to think that Mr. Arstill should be precluded from sitting as a juror on the case, not, as previously argued, because he has represented similar cases on behalf of the state, but because this very case is being prosecuted by his boss. From a commonsense approach one would think that Mr. Arstill might have some reluctance to vote against a case brought by a fellow attorney from his own office, supervised by his own superior. It would seem that bias should be implied in this situation.

A close reading of the statute confirms, we believe, this initial reaction. Section 229, subdivision (b) not only precludes service by a juror who has been an attorney for the plaintiff "client," but also precludes jury service by

one who has "stood . . . in the relation of attorney and client . . . with the attorney for either party." Parsing and interpreting the words of the statute provide, it is admitted, some difficulty. The status identified is the "relation of attorney and client," and in the first clause of the sentence this status is related to "either party." We therefore start with the identification of the fiduciary relationship which exists between attorneys and clients and state that if the juror has had that relationship (either as attorney or as client) with either of the parties to the lawsuit he has an implied bias. The second clause of the sentence then extends the possibility of the fiduciary relationship pertaining not only to a party but also to "the attorney for either party." If, therefore, the juror has had an attorney-client relationship with one of the *attorneys*, he is inferred biased and subject to challenge.

Now it is of course true that Mr. Arstill was not shown ever to have been "represented" by his own office, so in that sense no attorney-client relationship existed. However, the relationship among attorneys of the same firm or office is of a fiduciary and confidential nature essentially the same as that of attorney-client. The professional and ethical obligations of an attorney generally apply equally to the members of his firm (see Rules Prof. Conduct of State Bar, rules 1-400(C) [solicitation of employment], 1-320 [sharing of legal fees], 4-100 [preservation of client funds]).[4] In questions of conflict of interest the disqualification of one attorney from representation will ordinarily preclude any other attorney in his firm from representation. (See *Klein* v. *Superior Court* (1988) 198 Cal.App.3d 894, 913 [244 Cal.Rptr. 226]; *William H. Raley Co.* v. *Superior Court* (1983) 149 Cal.App.3d 1042, 1049-1050 [197 Cal.Rptr. 232].) Assuming the implied communication and knowledge which these principles impose upon members of a law firm, it follows that when a law firm represents a litigant in a jury trial a member of that firm should not serve on the jury. No reason is perceived why this rule should not apply equally to public legal entities as it should to private firms.

While there is no case authority specifically on the subject in California, what precedent exists out of state would seem in harmony with this conclusion. In 1909 the United States Supreme Court held that an employee of the federal government should be excused for cause based on implied bias in a criminal trial founded on common law principles that one is not a competent juror in a case if he is a master, servant, steward, counselor, or attorney of either party. Justice O'Connor in a concurring opinion in *Smith* v. *Phillips* (1982) 455 U.S. 209, 222 [71 L.Ed.2d 78, 89-90, 102 S.Ct. 940] explained

---

[4]Similar rules linking the obligations of an attorney to those of the members of his firm are contained in the American Bar Association, Model Code of Professional Responsibility (see DR 2-101, DR 2-102, DR 2-108); and the American Bar Association, Model Rules of Professional Conduct (see rules 1.10, 1.11, and 5.1).

the proposition, saying: "While each case must turn on its own facts, there are some extreme situations that would justify a finding of implied bias. Some examples might include a revelation that the juror is an actual employee of the prosecuting agency . . . . Whether or not the state proceedings result in a finding of 'no bias,' the Sixth Amendment right to an impartial jury should not allow a verdict to stand under such circumstances." In an early Indiana case, *Block* v. *The State* (1885) 100 Ind. 357, 363, the court articulated the principle as follows: "It is almost impossible, however incorruptible one may be, not to bend before the weight of interest; and the power of employer over employee is that of him who clothes and feeds over him who is fed and clothed. Hence the common law excluded all servants, and our statutes have nowhere altered the rule, and it should not be altered."

We therefore conclude that the thrust and purpose of section 229, if not perhaps its specific wording, requires that an attorney who is a member of the firm of counsel trying a case should not be permitted, over objection, to serve on the jury.[5] This rule should apply as much to members of the district attorney's office as to any other firm of lawyers.[6]

■ *However,* we will not reverse the judgment because defendant did not take the steps necessary to demonstrate that he was prejudiced by the failure to honor his challenge for cause. The concept here is that if the objectionable juror, who should have been removed for cause, is removed by use of a peremptory challenge, no damage is done to the challenger's

---

[5]Although the authority has not been cited or relied on by either appellant or respondent, it seems to us that section 229, subdivision (d) might also be utilized as a basis for excluding an attorney-employee of the prosecuting attorney from jury service. That subdivision provides a basis for challenge for cause for "[i]nterest on the part of the juror in the event of the action, or in the main question involved in the action . . . ." It would not be difficult to argue that a member of the district attorney's staff has an interest in the success of other staff members in the prosecution of their criminal cases.

[6]In *People* ex rel. *Younger* v. *Superior Court* (1978) 86 Cal.App.3d 180, 210-211 [150 Cal.Rptr. 156], the court held that a rule of professional conduct requiring withdrawal of a law firm when a member of the firm ought to be called to testify on behalf of a client did not apply to the prosecutor's office of a district attorney when a deputy district attorney was to be called as a witness for the prosecution concerning photographic identification. As part of the basis of its opinion the court opined that assumptions that a trial advocate appears to have a financial or other interest in the outcome of the case of a client are in question in the case of a multideputy prosecutorial office of a district attorney. (*Id.* at pp. 202-203.)

We do not disagree with the decision in *Younger.* When one member of the district attorney's office is to testify it makes sense not to require recusal of the entire office absent indications such would be necessary to ensure fairness. There is an important distinction between a witness and a juror, however. Witnesses are sworn to tell the truth. By contrast, jurors act with some discretion, routinely accepting one version of events while rejecting another. It is imperative, therefore, for jurors in a criminal case to have no relationship to the office which is prosecuting the defendant. In our view the interest of a deputy district attorney in a successful prosecution by another member of his office is a sufficient challenge for cause.

position unless it can be shown he was deprived of the use of a peremptory challenge. This requires that the challenger show a use of all peremptory challenges and that he indicate dissatisfaction with the jury, suggesting that he would have benefited by the availability of at least one more peremptory challenge. (*People* v. *Coleman* (1988) 46 Cal.3d 749, 770 [251 Cal.Rptr. 83, 759 P.2d 1260]; *People* v. *Bittaker* (1989) 48 Cal.3d 1046, 1087-1088 [259 Cal.Rptr. 630, 774 P.2d 659].)

While the defendant in this case did not state that he was "satisfied" with the jury, neither did he state the contrary. Had the defendant indicated his dissatisfaction with the lack of additional peremptory challenges the court might well have granted additional peremptories. Although no statutory provision exists for the granting of additional peremptory challenges in criminal trials, the potential seems to be well established, and failure to seek an additional peremptory challenge, especially when coupled with no indication of dissatisfaction with the jury as constituted, will be deemed waiver of a claim of prejudice from the erroneous denial of a challenge for cause. (See 5 Witkin & Epstein (2d ed. 1989) Trial, § 2863, p. 3490; *People* v. *Freeman* (1891) 92 Cal. 359, 366 [28 P. 261]; *People* v. *Crowe* (1973) 8 Cal.3d 815, 832 [106 Cal.Rptr. 369, 506 P.2d 193]; *People* v. *Bittaker, supra,* 48 Cal.3d at p. 1088.)

## DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Di Figlia, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied February 15, 1995.

---

*Judge of San Diego Superior Court sitting under assignment by the Chairperson of the Judicial Council.